Alicia Marie Richards
351 Catalina Drive
Newport Beach, CA 92663
(949)813-6138
Richardsalicia007@gmail.com

Debtor in pro se

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ALICIA MARIE RICHARDS, | Case No. 8:21-bk-10635 |
| Debtor. | REPLY TO OPPOSITION TO DEBTOR'S REQUEST TO CONTINUE HEARING |
| | Hearing Date: August 18, 2022<br>Time: 10:30 p.m.<br>Place: Courtroom 5A, 411 W. Fourth Street |
| | Santa Ana, CA 92701<br>Via ZoomGov |

/ / /

/ / /

/ / /

1

**TO RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE, UNITED BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

Alicia Marie Richards ("Debtor") files this Reply to Richard A. Marshack, Chapter 7 Trustee ("Trustee")'s Opposition to Debtor's requests to continue the hearings on the first interim fee applications e by Marshack Hays LLP ("Firm") <u>and</u> Heston & Heston ("Heston") on July 31, 2022 and August 1, 2022 respectively.

## I. SUMMARY OF REPLY

Debtor seeks to continue the fee motion to give her adequate time to respond to them <u>in addition</u> to filing her adversary proceeding which is directly related to the fee motions and a motion to consolidate to save judicial resources. Heston's lack of notice together with the           e   voluminous filings should be enough to continue the hearing to provide Debtor adequate time to prepare her defense. Debtor is out of town from August 3, 2022 to August 8, 2022; August 9 to August 25, Debtor has other deadlines including defending against a motion for judgment on the pleadings, two separate adversary proceedings, and appeals.

Debtor's goal in this matter is to be provided a full, fair hearing on the merits of her cross-claims against both the fee motions Heston's         did not provide the statutory 21 days notice because it was not served on Debtor until August 1, 2022 and that in itself is good cause for a continuance   ebtor    a    requesting additional time to prepare her defense because the two motions require an in depth review of the record in this case and Debtor's view of the proceedings are different than the Trustee's view whose one goal from the beginning has been to attack the equity for his and his agents benefit which is evident by their $500,000 in fees    hey a e    r    e e   e  e   a   e even had jurisdiction over the property to sell it in the first place which is a threshold issue that has still not been resolved because the property was protected by contract and never transferred over to the bankruptcy estate after the two structural errors that occurred on January 26, 2018 in the family law court and then the jurisdictional defect in this court that occurred on November 4, 2021.

2

Trustee's argument that Debtor seeks <u>only</u> to delay the matter so that that the case would be reassigned is without merit, even if Judge Smith were to proceed in this matter on August 18, 2022 depriving Debtor of adequate time to prepare a defense and e r e   statutory notice, the newly assigned judge is going to be reviewing any fee award because interim awards are interlocutory and often require future adjustments and are "always subject to the court's reexamination and adjustment during the course of the case. . ." 2 Collier on Bankruptcy ¶ 331.03 (15th ed.)(emphasis added); *See also In re Stable Mews Assoc.*, 778 F. 2d 121, 123 n. 3 (2d Cir. 1985) ("Interim awards are, by definition, not final."); *See also In re Callister*, 673 F. 2d 305, 307 (10th Cir. 1982) ("Interim awards . . . are no respect final adjudications on the question of compensation. Such awards are therefore interlocutory." Trustee and Heston fees are subject to adjustment and fully reviewable later. *See also In re Taxman Clothing* Co., 49 F. 3d 310, 314 (7th Cir. 1995) "all awards of interim compensation are tentative, hence reviewable – and revisable—at the end of the case." Therefore, there is no prejudice to the Trustee and Heston to continue their motions out to September 15, 2022 to give Debtor and any other interested parties adequate time to prepare their defense to the outrageous fee motions for over $500,000 against one piece of property that he lacked jurisdiction to sell.

Lack of statutory notice by Heston in addition to requiring additional time to prepare a defense to the two motions are good cause to grant a continuance and Debtor would not request a continuance if she did not require it.  Debtor requests the court grant her request and continue the motion to September 15, 2022 so that her objection, opposition, and cross-claims to the fee applications which will include state law causes of action will be due on September 1, 2022 and debtor does not consent to the bankruptcy court making any final orders in this matter on non-core issues.

II. **STATEMENT OF FACTS**

Debtor disputes and objects    Trustee's statement of facts and   is argument is irrelevant and meritless to Debtor's request for continuance because   er           a e      lack of statutory notice a   a      e       e a e   a e    e to prepare a defense which are both good causes for a continuance.

### III.     **OTHER BASELESS ARGUMENT BY THE TRUSTEE**

Debtor objects to the Trustee's other baseless arguments that are not even relevant to this good faith request for continuance. Debtor was not timely served with Heston's fee request depriving her of adequate statutory notice and Debtor requires additional time to present a defense with her cross-claims against the Trustee and his agents     . Trustee and his agents are the only ones who have initiated frivolous litigation. For example just a few frivolous filings by the Trustee to churn the estate: Trustee sued Debtor's minor daughter and knew she was a minor, he sued Debtor's deceased brother and knew he was deceased, and he refuses to dismiss Debtor in a lawsuit in which he states Debtor is not the proper party and continues to file nonstop motions as evidenced in his request for over $500,000 in fees including his meritless opposition to Debtor requests for a continuance based on lack of statutory notice and request for additional time to defend because Debtor has cross-claims and the  ee motions require a deep look at the record.

WHEREFORE, for the foregoing reasons,  e   r request this court to continue the Trustee's motion to September 15, 2022 to give her adequate  notice and time to prepare her defense, file   er adversary proceeding with  er cross-claims, file  er motion to consolidate the Trustee's motion with   e adversary proceeding and they can be heard together  e a  e   e  r   ee re  e         a e  a     e  e a r e      e  e a e e       a       a e  . A continuance would best serve the interest of justice.

Respectfully submitted,

Dated: August 7, 2022

By *alicia richards*
Alicia Marie Richards
In Pro Se

DECLARATION OF ALICIA MARIE RICHARDS

I, Alicia Marie Richards declare that:

1. If called as a witness I could and would competently testify to the following facts of my own personal knowledge.

I have read my reply to Trustee's opposition and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2 day of August, 2022.

*alicia richards*
ALICIA MARIE RICHARDS

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2569 ORANGE AVE., C.M. CA 92627

A true and correct copy of the foregoing document entitled (*specify*): Reply to Omibus Opposition to Debtor's Good Faith Request for Continuance
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/2/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Richards Heston, Attorney for Trustee, rheston@hestonlaw.com
D. Edward Hays, ehays@marshackhays.com
Tinho Mang, tmang@marshackhays.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                6                           **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/2/2022 | Laura Archer | *Laura Archer* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              7                                          **F 9013-3.1.PROOF.SERVICE**