Richard G. Heston, Bar No. 90738
Halli B. Heston, Bar No. 90737
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
(949) 222-1041
(949) 222-1043 fax
rheston@hestonlaw.com

Special/General Counsel for Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re; | Case No: 8:21-bk-10635-ES |
| ALICIA MARIE RICHARDS, | Chapter 7 |
| Debtor. | **OPPOSITION OF RICHARD G. HESTON TO DEBTOR'S SECOND REQUEST TO CONTINUE HEARING ON INTERIM APPLICATION FOR ALLOWANCE OF FEES AND COSTS BY HESTON & HESTON** |
| | Date: August 18, 2022
Time: 10:30 a.m.
Ctrm: 5A (Remote by Zoom) |

Richard G. Heston, Special Counsel to Richard A. Marshack, Chapter 7 Trustee ("Trustee"), hereby opposes Debtor's renewed and previously denied[1] motion for continuance of the hearing on interim fee applications of professionals employed by the estate [DOC 788] filed on August 15, 2022, which Debtor has recharacterized as a "motion to reschedule", for the following reasons.

---

[1] Debtor Alicia Marie Richards previously filed a motion on August 1, 2022 [DOC 759] to continue the hearing on Heston & Heston's application for allowance of interim fees. That motion was denied without a hearing by order entered on August 3, 2022 [DOC 766]. The very next day on August 2, 2022, and somewhat inexplicably given his lockdown status at the California Institution for Men in Chino, California, Lawrence Remsen, the Debtor's father who is serving a life sentence for murder, was able to "shadow" Debtor's motion [see DOC 763], somehow both executing the motion for continuance on the very same day that it was filed, without any explanation of how an incarcerated felon has same day access to both a high security prison and the Bankruptcy Court. Like that of his daughter's motion to continue, Mr. Remsen's motion was summarily denied by order entered on August 3, 2022 [DOC 766].

# I. DEBTOR HAVING FILED NO OBJECTIONS TO THE APPLICATION OF RICHARD G. HESTON FOR ALLOWANCE OF INTERIM FEES [DOC 748] FILED ON JULY 29, 2022, THERE EXISTS NO CAUSE TO CONTINUE THE UNOPPOSED APPLICATION.

Notice of the hearing on interim fee applications of professionals retained by the estate [DOC 717] was served by the Trustee upon all interested parties on June 28, 2022. That notice advised the Debtor, as well as Lawrence Remsen, that the hearing on interim fee applications was scheduled for August 18, 2022, and provided that all persons making application for allowance of interim fees were required to timely file applications. In response thereto, neither the Debtor nor Mr. Remsen expressed any opposition to the timing of the hearing or the adequacy of the notice (51 days).

Acting on behalf of Heston & Heston, Richard G. Heston filed and served his timely interim fee application [DOC 748] on July 29, 2022. At no time prior thereto had either Debtor or Mr. Remsen communicated to Richard G. Heston any objection to the hearing date, nor had either requested an extension or continuance to permit opposition.

In her initial motion to continue the hearing on interim fee applications, as well as this bald-faced renewal of the previously denied motion, Debtor suggested that she attended an organized and formal function of the Girl Scouts of America, only to seemingly concede that the short vacation she took was actually more in the nature of an informal reunion of persons who she had known through scouting activities involving her daughter[2]. Debtor has proffered no evidence whatsoever of the nature of the traveling she chose that absented her for several days during which

---

[2]  See Debtor's Second Request to Continue Hearing on Interim Fee Applications of Marshack Hays LLP and Richard G. Heston [DOC 788], at I. Factual Background, generally, commencing at p. 2, line 6 through p. 3, line 23.

she maintained she would otherwise have filed opposition to the Heston & Heston interim fee application.

Yet ironically, while claiming that she lacked the ability to prepare and timely file opposition to not only the Heston & Heston interim fee application, but also that of Marshack Hays LLP, both of which were filed on July 29, 2022[3], Debtor has filed numerous other arguably frivolous motions and notices. Between July 30, 2022 and August 16, 2022, a period of 18 days, Debtor has found time to prepare and file the following 227 pages of notices and pleadings:

1. July 29, 2022: Notice of Removal of Entire Pending Family Law Case (64 pages) [DOC 757].

2. July 31, 2022: Debtor's Request to Continue Hearing on First Interim Fee Application of Marshack Hays LLP (16 pages) [DOC 758].

3. August 1, 2022: Debtor's Request to Continue Hearing on First Interim Fee Application of Richard G. Heston (18 pages) [DOC 759].

4. August 2, 2022: Debtor's Reply to Request to Continue Hearings on First Interim Fee Applications (7 pages) [DOC 762].

5. August 11, 2022: Debtor's and Lawrence Remsen's Joint Motion to Alter or Amend Orders Granting Trustee's Motion for Sale and Turnover of Real Property (104 pages) [DOC 784].

6. August 15, 2022: Debtor's Second Request to Continue Hearing on Interim Fee Applications of Richard G. Heston and Marshack Hays LLP (18 pages) [DOC 788].

In addition to claiming that during the 51 days since being given notice of the hearing on the interim fee applications that she has not found time sufficient between generating other notices and pleadings and her travel plans to prepare her objections to the interim fee applications of Marshack

---

[3] As of August 16, 2022, notwithstanding the opportunity to do so and her apparent ability to generate multiple pleadings since the filing of the interim fee applications, Debtor has still filed no objections whatsoever to the interim fee applications of either Marshack Hays LLP or Richard G. Heston.

3
OPPOSITION TO DEBTOR'S SECOND MOTION TO CONTINUE HEARING ON INTERIM FEE APPLICATIONS

Hays LLP and Richard G. Heston, Debtor has found adequate time to file a disguised motion for reconsideration, arguing basically that all orders made by the Court concerning the sale of the property on Catalina Drive in Newport Beach, Debtor's former residence, were void due to the Court's lack of jurisdiction over the property. Ignored entirely in the specious argument of lack of jurisdiction is the fact that this entire bankruptcy proceeding is wholly voluntary, and the jurisdiction of the Court was invoked by the Debtor, who herself scheduled on multiple occasions the Catalina property as property of the estate.

**II. DEBTOR'S ARGUMENTS IN SUPPORT OF CONTINUING THE HEARING FOR WHICH NOTICE WAS GIVEN LONG AGO AND FOR WHICH DEBTOR'S PREVIOUS REQUEST FOR CONTINUANCE WAS DENIED, AT WHICH SHE IS OFFERED NO OBJECTIONS TO ANY OF THE REQUESTED FEES, ARE ENTIRELY BASED ON THIS REGARDING ESSENTIALLY ALL THAT HAS PROCEEDED THE REQUEST.**

As no doubt the Court is well aware, Debtor has twice invoked the jurisdiction of the Court, first in an unsuccessful attempt to reorganize in Chapter 13, and currently in this Chapter 7 case voluntarily commenced by the Debtor. The docket is replete with pleadings filed by the Debtor claiming that her sole motivation and goal has been to sell the Catalina property she has maintained is property of the estate.

Notwithstanding, that same record demonstrates that the Debtor has unsuccessfully opposed at every possible turn the Trustee's efforts to fulfill that stated goal, and when those efforts did not succeed before this Court, to seek appellate review of every single order in furtherance of the sale of the Catalina property. Even when ordered to vacate on the date selected by the Debtor, she failed and refused to do so, resulting in her being found to be in contempt.

Debtor now would have this Court continue the hearing on the interim fee applications of professionals who have performed services that should not have been necessary but for the

scorched earth tactics of the Debtor, based not upon her inability to have timely filed opposition, but to her newest theory that this Court has acted in excess of its jurisdiction. The argument is thoroughly baseless and frivolous.

### III. CONCLUSION

A product of the 60s, and a fan of the irreverent Firesign Theater, the author of this Opposition would ask the Court to consider analogizing Debtor's entire request to the satirically entitled recording of the Firesign Theater, "Everything You Know Is Wrong"[4]. In that comedic sketch, fictional character and trailer park manager Art Wholeflaffer attempts to explain to listeners why they should deny everything they know to be true, for no reason other than to adhere to his denials of reality. It is comedy; this is not.

The very notion that this Court is lacking the power to approve interim applications for payment of professionals acting on behalf of the estate because, well … there is no estate, is preposterous. Since commencing her initial Chapter 13 case in 2019 over a span of nearly 3 years, Debtor has enjoyed the protections of the automatic stay by invoking the jurisdiction of the Bankruptcy Court, consistently maintaining that the stay protected her and her property comprising the estate. Again and again, Debtor has described the Catalina property as property the estate. Although she now maintains that is inexplicably no longer the case, she should be estopped from attempting to profit at the expense of the Court, the Trustee, and the others whose labors are the product of her actions.

Accordingly, it is respectfully submitted that the Debtor's second request to continue the hearing on interim fee application should be denied.

Dated: 8/16/22

RICHARD G. HESTON

---

[4]  See https://www.imdb.com/title/tt0126289/.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Opposition of Richard G. Heston to Debtor's Second Request to Continue Hearing on Interim Application for Allowance of Fees and Costs by Heston & Heston** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/16/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alicia Marie Richards**   richardsalicia007@gmail.com
- **Amanda N Ferns**   aferns@fernslaw.com, mmakalintal@fernslaw.com
- **Daniel K Fujimoto**   wdk@wolffirm.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Christopher J Langley**   chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
- **Tinho Mang**   tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **John H Mitchell**   johnmitchelllaw@yahoo.com
- **Kevin E Robinson**   robinsonlawoffice@yahoo.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Eugene V Zech**   evzechlaw@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/16/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5040 Crtrm. 5A
Santa Ana, CA 92701-459

Lawrence Remsen, C-67186
CIM MH-159-L
P.O. Box 368
Chino, CA 91708

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/16/2022 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE