Alicia Marie Richards
Santa Ana Jail, M-88
Alicia Richards, 2300000041
Post Office Box 22003
Santa Ana, California 92702
No email/ no phone

Unrepresented Debtor

**FILED**
MAY 17 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>ALICIA MARIE RICHARDS,<br><br>           Debtor. | CHAPTER 7<br><br>Case No. 8:21-bk-10635-SC<br><br>NOTICE OF MOTION AND MOTION TO REMOVE RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR CAUSE PURSUANT TO 11 U.S.C. § 324<br><br>Hearing Date: June 6, 2023<br>Time: 11:00 a.m.<br>Place: Courtroom TBD 411 W. Fourth Street<br>Santa Ana, CA 92701<br>Via Zoomgov |

**TO THE HONORABLE BANKRUPTCY JUDGE, RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE, UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on June 6, 2023 at 11:00 a.m. or as soon thereafter as the matter may be heard in Courtroom TBD located at 411 Fourth Street, Santa Ana, CA 92701 via zoomgov audio and/or telephone appearance with permission, Alicia Marie Richards ("Debtor"), of the bankruptcy estate (the "Estate") of Alicia Marie Richards, will and hereby does move the Bankruptcy Court to remove Richard A. Marshack, Chapter 7 Trustee for cause on the grounds set forth under 11 U.S.C. §324.

1

This motion will be based on this notice of motion, notice that the hearing will be held by Zoomgov audio and video and/or with telephone approval, the memorandum of points and authorities, Declaration of Alicia Marie Richards served and filed herewith and Exhibits attached thereto, on the papers and records on file herein and on such oral and documentary evidence as may be presented at the hearing on the motion.

If you object to this Motion, pursuant to Rule 9013-1 of the Local Bankruptcy Rules ("LBR"), any opposition must be filed with the court no later than fourteen (14) days prior to the date of the hearing on the Motion. You must file your opposition with the Clerk of the United States Bankruptcy Court. You must also serve a copy of your objection upon Debtor Alicia Marie Richards no later than fourteen (14) days prior to the date of the hearing plus 3 for mailing on the Motion at the mailing address indicated in the upper left corner of the first page of this motion. You must also serve your opposition upon the Office of the United States Trustee at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701.

Any failure to timely file and serve an opposition may result in a waiver of any such opposition and the court may enter an order granting the motion without further notice.

Dated: 5/10, 2023          By: /s/ Alicia Richards
                           Alicia Marie Richards

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT AND BACKGROUND

Debtor brings this motion for Removal of Richard A Marshack, Chapter 7 Trustee for cause under 11 U.S.C. § 324(a) because of his conflict of interest in investigating and determining whether to pursue possible claims against himself and his law firm and his agent Richard Heston arising from the performance of their duties in the course of the bankruptcy proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Debtor commenced this Chapter 7 bankruptcy proceeding on March 12, 2021. Richard A. Marshack was appointed as Chapter 7 trustee of Debtor's bankruptcy estate ("Estate").

## III. SUMMARY OF ARGUMENT

Richard A. Marshack has failed to investigate and prosecute certain claims on behalf of the bankruptcy estate, and has a conflict of interest in investigating and pursuant these claims against himself and his law firm and his agents. In particular, Richard A. Marshack has failed to pursue a claim arising from his gross negligence by not determining property interest and jurisdiction before selling non-estate property; claims arising from Richard A. Marshack's failure to investigate the void dissolution judgment that was obtained by fraud on the court by a judicial officer Kevin E. Robinson and Kevin E. Robinson's false attorney fee claim filed in the bankruptcy court for $206,000 based on a fraudulent dissolution of divorce judgment; in addition to numerous other claims warranting investigation by a neutral and disinterested trustee that include claims arising from Richard A. Marshack and his attorney's collusion with Ryal W. Richards, Kevin E. Robinson, Andrew Brown, Ellie Britt and Lucian Rusu. See list of potential estate claims arising post-petition, *infra*.

In this matter, the bankruptcy estate had potential claims against Richard A. Marshack and his law firm, including his agents and Richard A. Marshack is subject to removal as trustee because he has a conflict of interest in investigating, evaluating, and pursuing these possible claims. There is cause for

a breach of fiduciary duty claim against Richard A. Marshack that remains viable and worthy of investigation, as do several possible claims of malpractice against Richard A. Marshack's law firm and Richard Heston's law firm and the estate has a right to have those claims investigated further and evaluated by a disinterested trustee (emphasis added) on behalf of the bankruptcy estate, which necessarily entails the removal of Richard A. Marshack as trustee.

## IV. ARGUMENT

### A. The Bankruptcy Court has authority to Remove Marshack under 11 U.S.C. § 324(a) for cause.

The Bankruptcy Court can exercise its authority under 11 U.S.C. § 324(a) to remove a trustee "for cause." "Removal of a trustee under § 324 is left to the sound discretion of the bankruptcy court." *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F. 3d 832, 844 (9th Cir. 2008). A bankruptcy court will be deemed to have abused this discretion only "where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment." See *PCFS Financial v. Spragin (In re Nowak)*, 586 F. 3d 450, 454 (6th Cir. 2009) (internal quotations marks and citations omitted. "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision. . ." *In re Nowak*, 586 F. 3d at 454 (internal quotation marks and citation omitted.

In this matter, it is clear there is a conflict of interest with Richard A. Marshack in investigating and pursuing potential estate claims against himself and his law firm and his agents arising from their conduct in the course of Debtor's bankruptcy proceeding. This Court should invoke 11 U.S.C. § 324(a), which authorizes a bankruptcy court, "after notice and a hearing," to "remove a trustee . . . for cause." As the courts have observed, "the Bankruptcy Code does not define 'cause,'" leaving it to the bankruptcy courts to " make the determination on a case by case basis." See *Boyd v. Rabin (In re Boyd)*, 397 B.R. 544, 2008 WL 4372948, at *3 (B.A.P. 6th Cir. Sept. 23, 2008); See also *In re AFI Holding*, 530 F. 3d at 845. "Typical cause for removal includes incompetence, misconduct in office,

conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors." In re *Boyd*, 2008 WL 4372948, at *3 (internal quotation marks and citations omitted); *see also In re AFI Holding*, 530 F.3d at 845 ("It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, or lack of disinterestedness or holding an interest adverse to the estate."). In this matter, Debtor is identifying potential claims arising from allegations of malpractice and breach of fiduciary duties and these claims should be pursued and investigated. Richard A. Marshack has a conflict of interest in investigating these claims and deciding whether to pursue these claims on behalf of the estate. These potential claims against himself and claims against his own law firm and his agents arising from Richard A. Marshack's mishandling, misconduct, and violations of fiduciary duty of Debtor's bankruptcy estate for example are:

1. Claim arising from the sale of the real property located at 351 Catalina Drive, N.B., CA 92663;
2. Claims arising from the turnover of the real property;
3. Claims arising from actions taken in the family law court and transfers without court authority to Ryal W. Richards;
4. Claims arising from the settlement agreement with Andrew Brown and Ellie Britt;
5. Claims arising from failing to timely object to claims
6. Failing to act impartial
7. Claims arising from agreements made with Lucian Rusu
8. Claims arising from taking an interest in real property adverse to the estate
9. Claims arising from fraud and actual injury to Debtor's interests.
10. Failing to Investigate agents and firms exorbitant fees

Based on these circumstances, Marshack has engaged in conduct that give rise to potential claims of the bankruptcy estate and because of his conflict of interest, he should be removed for cause under 324.

As to the timeliness of a breach of fiduciary duty claim against Richard A. Marshack arising from his conduct in the bankruptcy case, the applicable three-year statute of limitations is still viable, *see* Cal. Code Civ. Proc. § 343 plus the new Trustee can allege tolling since the claims have been ongoing and continuous.

The potential claim against Richard A. Marshack did not accrue until the bankruptcy estate suffered harm as a result of Richard A. Marshack's alleged breach. This harm arose from the November 4, 2021 sale of non-estate property and subsequent events that occurred by not knowing the Marshal procedures, failing to timely evict Debtor out of her residence, acting as agent for Kevin E. Robinson, Ryal W. Richards, Andrew Brown and Ellie, Britt, Lucian Rusu, acting impartially by instructing the family law court to close briefing on the homestead issue (See Exhibit A), failing to collect back support, and making compromises that are not in good faith and fair dealing. Judge Lafferty valued Debtor's claims to be over $1,600,000 and Richard Marshack has not pursued any of Debtor's claims. A breach of fiduciary duty claim accrues when a plaintiff is harmed rather than when the defendant acted. Debtor's estate has been harmed. In California, "the statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." See *American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1479; accord, *Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 963 ["limitations period is three years . . . for a cause of action for breach of fiduciary duty where the gravamen of the claim is deceit, rather than the catchall four-year limitations period that would otherwise apply"].) Alternatively, where the asserted breach of fiduciary duty effectively "'amount[s] to a claim of professional negligence,'" there is the applicable two-year statute of limitations for professional negligence. See *American Master Lease LLC*, at p. 1479; accord, *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.* (2004) 115 Cal.App.4th 1145, 1159 (*Hydro-Mill*) [where "the complaint shows that the allegations of professional negligence subsume all of the allegations for breach of fiduciary duty," the defendant "cannot prolong the limitations period by invoking a fiduciary theory of liability"].) Therefore, the claims are still viable.

As a result of Richard A. Marshack's ("Marshack") appointment as trustee in this Chapter 7 case, his conduct as trustee is subject to and governed by a broad body of law that includes:

      a. the explicit statutory duties outlined in § 721; and

      b. a host of common law fiduciary duties;

      c. duties, directives and obligations in the US Trustee Handbook for Chapter 7 Trustees.

These duties, directives and obligations include but are not limited to: the <u>duties of loyalty</u>, distribution maximization, diligence, <u>due care</u>, accountability, competence, <u>claims review</u>, <u>information disclosure</u>, candor, civility, proper litigation preparation and conduct, <u>impartiality and its appearance</u>, enforcement, supervision, compliance, and <u>good faith and fair dealing</u>. It also includes duties owed to secured creditors, priority creditors and <u>the debtor</u>, as well as post-closing obligations. In carrying out these fiduciary duties, however, <u>a trustee is not an agent of the creditors</u> and they have no power to direct the trustee's activities. (underlining and emphasis added).

### A. Richard A. Marshack has Breached his Statutory Duties as a Trustee to The Bankruptcy Estate

Marshack has either intentionally breached and/or negligently failed to fulfill, numerous statutory and fiduciary duties in this case. In fact, the Chapter 7 Trustee instead of being personally involved in carrying out the trustee's duties and other fiduciary responsibilities, the Trustee in this case has relied "SOLELY" on his hired agents to churn the bankruptcy estate for his own firm's benefit. The Chapter 7 Trustee and his agents have taken an interest in the bankruptcy estate adverse to the bankruptcy estate in direct conflict with 28 U.S.C. § 586(a). Richard A. Marshack has failed to investigate that breach of fiduciary duty.

### B. Marshack Does not Qualify for Panel Membership

Marshack does not qualify for panel membership because he does not possess integrity or good moral character. See 28 C.F.R. § 58.3(b). Marshack has refused to be accessible to Debtor and in fact failed to investigate her claims by stating they are not in complete sentences. See

7

compromise made with Ryal W. Richards. Marshack is not free of prejudices against Debtor and that has interfered with his performance of his duties as trustee.

### C. Marshack has a Conflict of Interest Because the Estate has a Causes of Action Against the Trustee for Breach of Fiduciary Duty and Malpractice

The estate has potential causes of action against the trustee and the trustee's firm or other agent with whom the trustee has a business relationship. In addition to the claims listed above, other claims include but are not limited to:

a. Claims arising from Trustee's agent Richard Heston's advice to not file a motion for reconsideration of the order granting the real estate agent to sell non-estate property which advice was adverse to my estate and he gave me that advice because of his personal interest in selling the property for financial gain.

b. Claims arising from Trustee and his agents' failure to remove Debtor out of the Property before Lucian Rusu's loan expired and not knowing proper Marshal Procedure.

c. Claims arising from Trustee's failure to investigate Lucian Rusu's breach of contract; abuse of process claim when Lucian Rusu threated my estate with legal process and fraud claims relating to the sale of the Property.

d. Claims arising from Trustee's payment to invalid creditors; not objecting to Robinson and Ryal W. Richards' duplicative claim and instead prolonging the administration to allow Ryal and Robinson to obtain an order in the family law court that is not based on fact or law and to compromise with Ryal Richards and Kevin E. Robinson based on the invalid order for payment of attorney fees and costs based on a prevailing party clause that does not exist in the signed Stipulated Judgment of June 16, 2017.

e. Claims arising from Trustee's actions with Kevin E. Robinson by giving him advice adverse to my estate. Litigating for Ryal W. Richards and Kevin E. Robinson and doing legal research on their behalf.

f. Claims arising from Trustee's failure to collect spousal support and child support and paying Ryal W. Richards who is insolvent and Debtor will not be able to collect which was one of the reasons she filed an abstract of support judgment against his settlement of $450,000 on the property. Trustee paid Ryal W. Richards $600,000 which was $150,000 more than what was agreed and did not take out any back owed support.

g. Claims arising from Trustee's enforcement of the void judgment that Judge De La Cruz allowed Debtor's motion to vacate the void judgment and make it conform to the signed Stipulation proceed because it had merit.

h. Claims arising from Trustee not looking into the discrepancies in the schedules that ran up the litigation costs.

i. Failing his duty of due care, impartiality, good faith and fair dealing and attempting to sell on behalf of the estate non-estate property.

j. Failing to include Debtor in compromises to expose her risk which shows lack of duty of care, impartiality, good faith and fair dealing.

k. The trustee compromised items that are not property of the estate and compromised fraudulent claims. Those fraudulent claims are Britt and Brown who converted Debtor's property, falsely filed a claim for goods never paid for and never received after soliciting from third parties.

l. Failing to disclose conflict of interests with his firm and the bankruptcy judge so as to obtain favors and beneficial rulings not on the merits and adverse to the estate.

m. More than any other act of this trustee, the attempt to compromise without any legal or factual basis for doing so, clearly illustrates the lack of care, competence, reckless and cavalier administration of this estate, bias and lack of impartiality this trustee has exhibited in the administration of this estate.

///

### D. Marshack Failed his Duty to Verify that Debtor was Eligible for Chapter 7 Relief

Trustee failed to verify Debtor was eligible for Chapter 7 Relief when she had little to no debt and in fact all the debt has arose post-petition because of Richard A. Marshack, Chapter 7 Trustee's breach of fiduciary duty.

### E. Marshack Failed his duty for reviewing sufficiency of Schedules filed by Debtor and Raising Questions where conflicts occurred

The trustee is responsible for reviewing . . . sufficiency of the documents filed by the debtor. When Debtor filed Chapter 7, her schedules where in complete because she was not sure how to list Ryal W. Richards Separate claim and the title dispute. He further did not review the attachment to Debtor's A/B schedule that specifically listed the void judgment was on appeal and did not conform to the actual signed stipulated judgment of June 16, 2017.

### F. Marshack Administered the Estate Where the Proceeds of Liquidation Primarily Benefitted the Trustee and his professionals

The Chapter 7 case must be administered to maximize and expedite dividends. If the sale was property of the estate, which it was not, Richard A. Marshack "shall" not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. Richard A. Marshack was to be guided by this fundamental principle when acting as trustee. Trustee failed to generate to make a meaningful distribution before administering a case as an asset case. 28 U.S.C. § 586.

### G. Marshack Failed his Duty by Giving Advice To Creditors resulting in the perception that the Trustee is a judge or has Judicial power in violation of 28 U.S.C. § 586.

During the 341 meeting and numerous other times as evidenced in the billing statements obtained from Richard A. Marshack's agents, the trustee was to not give legal advice to debtor or creditors such as Kevin E. Robinson and Ryal W. Richards, Ellie Britt and Andrew Brown or Lucian

Rusu, and he was to avoid actions which would result in the perception that the trustee is a judge or has judicial powers. 28 U.S.C. § 586. Richard A. Marshack has acted as judge with the dispute over Ellie Britt and Andrew Brown by giving them advice resulting in the perception that he was the judge and had judicial powers adverse to Debtor's bankruptcy estate. Richard A. Marshack has been litigating on the behalf of the creditors in violation of his duty to be impartial. Richard Heston gave legal advice to Debtor and instructed her not to file a motion for reconsideration of the real estate agent and that advice was adverse to Debtor's bankruptcy estate resulting in a breach of fiduciary duty and legal malpractice.

### H. Marshack failed his statutory duty to examine proofs of claims and object to the allowance of any claim that is improper and instead attacked valid claims.

If a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper. 11 U.S.C. § 704(a)(5). Instead of objecting to invalid proof of claims, Richard A. Marshack objected to valid proof of claims. Claims that were not in dispute.

### I. Marshack failed his statutory duty to furnish information concerning the Estate upon request

Debtor has requested an accounting numerous times and Richard A. Marshack, refuses to provide an accounting. Richard A. Marshack failed to provide notice to Ryal W. Richards of his support obligation and failed to collect that support obligation and instead he compromised to pay Ryal W. Richards money out of the estate knowing he is behind in support payments and could dissipate those funds and become insolvent leaving Debtor no way to collect her "secured" abstract of support judgment in the amount of $327,000 against Ryal's agreed sum of $450,000 per the signed contract.

- Statutory duty to Provide the applicable notice to the holder of a domestic support obligation. 11 U.S.C. § 704(a)(10)

The chapter 7 trustee is the representative of the estate. 11 U.S.C. § 323(a). The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, <u>as well as</u>

the debtor's interest in exemptions and in any possible surplus property. The duties enumerated under section 704 are specific, but not exhaustive. Trustee has breached his fiduciary duty toward Debtor's estate and he should be removed and a new Trustee assigned to investigate these allegations.

If the trustee decides to sell property free and clear of liens, the trustee must determine the identity of the lien holders and give them notice of the proposed sale. The notice must tell them how much, if anything, they are to receive from the sale. 11 U.S.C. § 704, 28 U.S.C. § 586. Richard A. Marshack did not provide lien holders with notice and specifically notify them what they were to receive from the sale. Instead, he colluded with creditors and intentionally deprived Debtor of her back support against Ryal W. Richards, kept the bankruptcy case open to Kevin Robinson could get an invalid judgment not based on fact or law and now Debtor had to go appeal, and intentionally caused the litigation to continue over the turnover to intentionally cause Debtor to lose her discharge so she could not use the partial homestead and then paid the other ½ of the homestead to Ryal W. Richards who had not lived in the property for over four years and was not entitled to a homestead per the contract.

Unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest. 11 U.S.C. § 704(a)(7). There was no such information furnished in this matter.

Supervision of professionals is critical. The Trustee is supposed to oversee the work performed by professionals and exercises appropriate business judgment on all key decisions. The trustee must actively supervise estate professionals to ensure prompt and appropriate execution of duties, compliance with required procedures and reasonable and necessary fees and expenses. 28 U.S.C. § 586, 28 C.F.R. § 58.6(a) (7). The trustee is advised to pay particular attention to the activities of professionals who are not closely regulated by state authorities or who take physical possession of estate property and funds, such as auctioneers, liquidators, brokers, collection agents and property managers. The general standards for supervising auctioneers (see Handbook Chapter 4.C.10.g) apply

equally to other professionals who take possession of estate funds and property. Richard A. Marshack in this matter did not supervise his professional who ran amuck. In fact, Richard A. Marshack told me that the only person authorized to speak on his behalf was D. Edward Hays. Other unauthorized agents were allowed to run up huge bills unsupervised.

**WHEREFORE**, debtor respectfully requests that the Court enter an Order:

a.     removing the trustee from this case; and/or

b.     for such other and further relief as may be just and equitable.

Respectfully submitted,

Dated: May 11, 2023          By _____
Alicia Marie Richards
In Pro Se

## DECLARATION OF ALICIA MARIE RICHARDS

I, Alicia Marie Richards declare that:

1. If called as a witness I could and would competently testify to the following facts of my own personal knowledge.

2. I have read my motion for removal of the Chapter 7 Trustee, Richard A. Marshack, and all the facts stated herein are true and correct.

3. On September 12, 2022, Richard A. Marshack accompanied by D. Edward Hays through zoomgov appeared in my family law case without telling me they were going to appear while the case had been removed to the bankruptcy court. Richard A. Marshack asked Sheila Reico to pay Ryal W. Richards my homestead money and D. Edward Hays told Judge Sheila Reico to close briefing so that when and if the case was remanded I would not be able to file an opposition. I was never notified that a hearing on September 12, 2022 at 8:30 a.m. was going to take place over the jurisdictional stay. Because of these improper and impartial actions made by Richard A. Marshack and D. Edward Hays, I had to file another appeal in the state court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and the exhibits attached hereto are true and correct exhibits without further foundation. Executed this May 11 day of May, 2023.

_____
ALICIA MARIE RICHARDS

## Certificate of Service

I caused to be served by the Santa Ana Jail whose address is Post Office Box 22003, Santa Ana, California, 92702, the foregoing document titled:

Notice of Motion and Motion to Remove Richard A. Marshack, Ch. 7 Trustee for Cause Pursuant to 11 USC 324

To be served by the clerk of the court on the day of receipt to the following email addresses:

chays@marshackhays.com
tmang@marshackhays.com
bboice@lawyer.com
rmarshack@ig7technology.com
ustpregion16.sa.ecf@usdoj.gov
robinsonlawoffice@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.
Dated 5/11/23

Alicia Richards

Certified Mail / Return Receipt No
7022 2410 0002 6217 8491