FILED & ENTERED

JUN 05 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Alicia Marie Richards,<br><br><br><br><br><br><br><br>Debtor. | Case No.: 8:21-bk-10635-SC<br><br>CHAPTER 7<br><br>**Criminal Referral of Insolvent Chapter 7 Debtor Alicia Marie Richards to the United States Attorney of the Central District of California by the United States Bankruptcy Court**<br><br>No Hearing Required |

The Court hereby refers Chapter 7 Debtor Alicia Marie Richards to the United States Attorney for the Central District of California, as mandated by Section 3057(a) of Chapter 9 of United States Code Title 18 for the reasons set forth below.

**I.       Standards for Criminal Referral in Bankruptcy Proceedings**

Section 3057(a) of Chapter 9 of United States Code Title 18 states, in pertinent part, that "Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, ***shall*** report to the appropriate United States attorney all the facts and circumstances of the case…" 18 U.S.C. §

3057(a) (emphasis added). *See also McKnew v. Wilson (In re Wilson),* 2015 Bankr. LEXIS 2205* (C.D. Cal 2015) ("18 U.S.C. § 3057 must be read to impose the reporting requirement only on suspected violations of chapter 9 of title 18 or of other United States laws which have a relationship or connection to insolvent debtors, receiverships, or reorganization plans") (internal quotations omitted).

Chapter 9 of United States Code Title 18 involves "Bankruptcy Crimes." Among other pertinent sections of Chapter 9, Section 152 ("Concealment of assets; false oaths and claims; bribery") provides as follows:

A person who—
(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;
(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;
(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;
(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;
(5) knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;
(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;
(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;
(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or
(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor, shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 152.

Other pertinent sections of Chapter 9 of Title 18 include:

1.  Bankruptcy Fraud (18 U.S.C. § 157).

This offense involves knowingly and fraudulently concealing, transferring, or disposing of property or making false statements, representations, or omissions in relation to a bankruptcy case.

2.  Bankruptcy Embezzlement (18 U.S.C. § 153).

This offense involves the embezzlement, stealing, or willful and fraudulent conversion of any property of the bankruptcy estate.

**II.    This Court is Compelled to Make a Criminal Referral of Insolvent Chapter 7 Debtor Alicia Marie Richards to the United States Department of Justice**

Alicia Marie Richards ("Debtor") filed her bankruptcy petition on March 12, 2021. In her bankruptcy petition, Debtor disclosed an interest in real property in Newport Beach, California (the "Real Property") and claimed a $600,000 homestead exemption. The Real Property was community property and was subject to division following Debtor's divorce with her ex-husband.

Following extensive proceedings, including but not limited to Debtor being held in contempt[1] (for the first time) for failing to turn over the Real Property and having the Bankruptcy Court order the United States Marshal to physically remove Debtor from the Real Property, the Real Property was sold by the Chapter 7 Trustee. With respect to Debtor's asserted $600,000 homestead exemption to be paid from the proceeds realized from the sale of the Real Property, Debtor was entitled to 50% ($300,000) of those proceeds pursuant to both Bankruptcy Court and State Court orders. Debtor received her share of the homestead exemption proceeds by check on March 9, 2022, and the check cleared on March 11, 2022.

---

[1] See Order Adjudicating Debtor in Contempt of Amended Turnover Order entered February 22, 2022 [Dk. 554].

By virtue of the California Code of Civil Procedures, the proceeds of a homestead exemption "are exempt for a period of six months after the time the proceeds are actually received …" Cal. Code Civ. P. § 704.720(b). *See Wolfe v. Jacobson (In re Jacobson),* 676 F.3d 1193, 1198–99 (9th Cir. 2012) (noting that California's exemption provisions require debtors to reinvest the proceeds of a homestead exemption within six months of receipt).

In Debtor's case, the homestead exemption lasted for six months, until September 11, 2022. During this time, she was obligated to reinvest it in an eligible dwelling, however, Debtor failed to reinvest the homestead proceeds and the $300,000 reverted as a matter of law to being property of the bankruptcy estate. After the reinvestment period expired, the evidence before the Court, and all of it, demonstrates that when Debtor learned that the Trustee was preparing to file a Motion for Turnover of these estate funds, she removed at least $190,000 of these estate funds from her credit union account in the form of cash and cashier's checks, and concealed or otherwise disposed of the funds to the detriment of the Estate.[2]

Debtor is presently being held in civil contempt by this Court, for her failure to turnover and/or provide an accounting for the lapsed homestead funds, and has been incarcerated by the United States Marshal for such civil contempt. The specific bases for the Debtor being held in civil contempt are contained, *inter alia,* in various orders issued by this Court in Debtor's main case (Case No. 8:21-bk-10635-SC), and the pleadings associated with those orders, which include the following:

- On November 21, 2022, the Court entered an Order Granting Trustee's Motion to Compel Turnover of Lapsed Homestead Exemption Funds (in the amount of $300,000) [Dk, 1026]. On the same day, the Court entered

---

[2] Chapter 7 Trustee ("Trustee"), Richard Marshack, initiated an adversary proceeding against Debtor on January 4, 2023 (Adversary Proceeding 8:23-ap-01001-SC) seeking, inter alia, turnover of the lapsed homestead funds. On the same day, Trustee filed a motion for temporary restraining order, providing competent evidence, which showed that in the days after the hearing on the Trustee's motion for turnover was noticed, but before the hearing could occur, Debtor withdrew large sums of money via cashier's checks and otherwise. *See* Adversary Proceeding 8:23-ap-01001-SC, Emergency Application for Temporary Restraining Order and Preliminary Injunction Pursuant to FRBP 7065, Dk. 2.

Findings of Fact and Conclusions of Law [Dk. 1028] and issued a
judgment in favor of the Trustee [Dk. 1029].

- On November 29, 2022, the Court entered an Order Granting Trustee's
Motion to Lift Stay of Enforcement of Judgment pursuant to FRBP 7062
[Dk. 1049].

- On December 2, 2022, the Court issued an Order for Debtor to Appear for
Examination (ORAP) on December 15, 2022 [Dk. 1068]. On December
15, 2022, the Court conducted a hearing and determined that the ORAP
had been properly served upon Debtor. However, Debtor did not appear.
The ORAP was continued to January 12, 2023 via order entered
December 27, 2022 [Dk. 1108].

- On the same day, the Court issued an Order Show to Cause (to be heard
concurrently with the ORAP hearing) for why Debtor should not be held in
Civil Contempt for failing to turnover the lapsed homestead funds [Dk.
1109].

- After the hearing, on January 12, 2023, the Court issued an Order
Adjudicating Debtor in Civil Contempt for Failure to Turnover the Lapsed
Homestead Funds; For Bodily Detention of Debtor; and Setting Status
Hearing [Dk. 1144]. A status hearing was set for January 19, 2023 (7 days
later); the ORAP was likewise continued to the same date.

- The January 19, 2023, hearing was held, and the status hearing and
ORAP were continued to June 15, 2023. *See* Order continuing ORAP
entered January 20, 2023, Dk. 1156; Order continuing Status Conference
on Turnover and Contempt entered January 24, 2023, Dk. 1162.

- On February 1, 2023, the Court received a communication from the United
States Marshal [Dk. 1183], which indicated that Debtor had retained legal
counsel and sought certain access to legal services and assistance while
incarcerated for civil contempt. On February 2, 2023, the Court entered an

order setting a hearing on 2/9/23 to discuss with Debtor's chosen legal counsel regarding Debtor's requests [Dk. 1185]. The hearing was held.

- On February 21, 2023, the Court received a request for photocopying services from Debtor [Dk. 1219]. On February 27, 2023, the Court issued an order regarding the same [Dk. 1220].

- Thereafter, Debtor file a motion to release funds to pay her attorney, which motion was denied by order entered March 13, 2023 [Dk. 1244].

- On March 28, 202, Debtor filed a declaration of her inability to comply and which purported to provide an accounting, seeking a hearing on the issue of her contempt. The Court deemed the summary and non-detailed accounting to be insufficient for the purposes of advancing the status conference, and denied the request for hearing via order entered on March 31, 2023 [Dk. 1270].

It is important to state that this referral is not about the failure of Debtor to reinvest the $300,000.00; it concerns the later concealment, transfer, false oaths, and other violations of provisions of Title 18, United States Code with respect to the Estate property.

The Department of Justice of the United States of America should undertake all of its duties and investigations with respect to these matters, including referral to the Federal Bureau of Investigation and/or other federal agencies for appropriate investigative activities.

**IT IS SO ORDERED.**

Date: June 5, 2023

Scott C. Clarkson
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **Criminal Referral of Insolvent Chapter 7 Debtor Alicia Marie Richards to the United States Attorney of the Central District of California by the United States Bankruptcy Court** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Alicia Marie Richards
177 Riverside Post Office Box 1157
Newport Beach, CA 92959

Santa Ana Jail M-88
Alicia Richards, 2300000041
P.O. Box 22003
Santa Ana, CA 92702

Hon. E. Martin Estrada
U.S. Attorney for the Central District of CA
312 North Spring Street, Suite
1200 Los Angeles, CA 90012

Hon. Peter J. Anderson
United States Trustee, Region 16
Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017