Alicia Marie Richards
Santa Ana Jail, M-88
Alicia Richards, 2300000041
Post Office Box 22003
Santa Ana, California 92702
No email/No phone

Unrepresented Debtor

**FILED**
JUN 15 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>ALICIA MARIE RICHARDS,<br><br>Debtor. | CHAPTER 7<br><br>Case No. 8:21-bk-10635-SC<br><br>MOTION TO STRIKE PORTIONS OF RICHARD A. MARSHACK'S OPPOSITION TO DEBTOR'S MOTION TO REMOVE RICHARD A. MARSHACK FOR CAUSE UNDER 11 U.S.C. § 324<br><br>Hearing Date: June 15, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 5C, 411 W. Fourth Street<br>Santa Ana, CA 92701<br>Via Zoomgov |

**TO THE HONORABLE BANKRUPTCY JUDGE, CHAPTER 7 TRUSTEE, RICHARD HESTON, UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

Alicia Marie Richards, ("Debtor") hereby moves the court pursuant to Rule 12(f) to strike portions of Richard A. Marshack ("Trustee")'s Opposition because it contains irrelevant, immaterial, impertinent, or scandalous matter that detracts from the dignity of the court and is unrelated to Debtor's Motion to Remove the Trustee.

Dated: June 8 2023                              By _____
                                                    Alicia Marie Richards

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS

On May 11, 2023, deemed filed by the mailbox rule[1] Debtor filed Motion to Remove Richard A. Marshack, Chapter 7 Trustee for cause under 11 U.S.C. § 324.

Trustee filed on June 1, 2023, an opposition to Debtor's Motion to be removed for cause.

On June 8, 2023, deemed filed by the mailbox rule, supra, Debtor timely replied to Trustee's Opposition to Debtor's Motion to be removed for cause.

Debtor timely files this motion to strike 's portions of Trustee's Opposition that has improper, immaterial, impertinent, or scandalous that detracts from the dignity of the court and is unrelated to Debtor's Motion to Remove the Trustee.

## II. ARGUMENT

### A. The Court has Authority to Strike from a Pleading Improper, Immaterial, Impertinent, or Scandalous Matter

Rule 12(f) of the Federal Rules of Civil Procedure provides:

(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent or scandalous matter. The court may act

(1) On its own; or
(2) On motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

### B. Trustee's Pleading Contains Immaterial, Impertinent, and/or Scandalous Matter and should be Stricken Pursuant to 12(f)

---

[1] People in jail and are subject to the jail's mailing system and are entitled to the mail box rule that deems their mail filed the same day it is put in the jail's mailbox. *See* Houston v. Lack, 487 US 266, 273, 78 [108 S. Ct. 2379] (1988) and In re Jordan, 4 Cal. 4th 116 [840 P. 2d 983, 985] (1992).

2

Trustee states at p.1 line 8: "Throw another one on the pile." This is improper and should be stricken from the record.

Trustee states at p. 1 line 9: "Unsuccessful at her second successive attempt to recuse the presiding judge in this case. . ." This is impertinent and unrelated to the Motion to remove the Trustee for Cause.

Trustee states at p. 1 line 10-12: "Writing from the Santa Ana City Jail, where Debtor is under the coercive civil contempt sanction of incarceration for failing to turn over Estate property, . ." Although all the courts are fully aware that Debtor is incarcerated for alleged civil contempt, this is irrelevant to the Motion.

Trustee states at p. 1 line 14: "Debtor has repeatedly disobeyed Court orders. . ." Irrelevant to Debtor's motion and Debtor is not the issue before the court. The Trustee is the issue and whether he should be removed for cause.

Trustee states at p. 2 line 1-6: "In the main bankruptcy case, there are now in excess of 1,400 docket entries. Debtor and her family members also filed, in the aggregate, over 30 appeals, most of which remain pending and are subject to sequential motions to extend briefing schedules, to administratively consolidate, or stay appeals, all filed by Debtor or her father." The bankruptcy docket was run up by the Trustee and his agents to create a fog. Debtor disputes that the 1,400 docket entries were caused by her or her family members and was working on a spreadsheet to show the true facts on who was running up the docket. The bankruptcy docket is irrelevant to this matter.

Trustee states at p. 2 line 7: "Debtor has been adjudicated in civil contempt on multiple occasions in this case." This is irrelevant to the motion.

Although not relevant to this motion, the facts need to be addressed. On October 13, 2022, (DKT 940), the court's *sua sponte* order to show cause re contempt for filing Debtor's failure to follow the federal rules of procedure and change her address which was concerning because the Trustee's agent told Debtor she could not change her address to a post office box and she had no change of address. Clearly, the Order to Show Cause was instigated by the Trustee although no application was filed. Debtor filed an opposition to the Order to Show cause and told the court the facts that Judge Smith already decided the issue and Trustee's agent said Debtor could not get a post office box. The

court stated Debtor could get a post office box and Debtor immediately did so the very next day on October 14, 2022 and immediately filed a change of address with the court notifying the court of her new mailing address. Debtor disputes that she reluctantly changed her mailing address. Debtor had not received any mail from March, 2022 to October, 2022 because she had no place to have it mailed. D Motion p. 2 lines 16-19.

Trustee states at p. 2 line 22-23: "As a civil contempt sanction, and in light of the record of Debtor's activity taking steps to withdraw, transfer, and conceal Estate funds in the face of court orders, Debtor was subjected to the civil sanction of bodily detention in an effort to coerce her to purge her contempt." This is irrelevant and immaterial and scandalous and should be stricken. Debtor disputes this false statements.

Trustee states at p. 2 line 25-26 that: "Since January 12, 2023, Debtor has been incarcerated at the Santa Ana City Jail, but yet has continued to file meritless pleadings from jail." More irrelevant and scandalous statements made by the Trustee.

Trustee states at p. 2 lines 27-28 and p. 3 line 1 that:"On April 20, 2023, as DKT No. 1318, Debtor filed her second motion to recuse the presiding Judge. . .The Second Recusal Motion was heard by the Hon. Theodor C. Albert, and denied in a hearing held on May 17, 2023." This is irrelevant to this Motion before the Court.

Trustee states at p. 3 line 4-5 that: "On May 18, 2023, as DK No. 1391, the Court entered its memorandum of decision denying the Second Recusal Motion." More irrelevant statements.

Trustee states at p. 5 line 11 that:"as Debtor's behavior grew less cooperative and more belligerent . . " This is scandalous and should be stricken the evidence is contrary to this false statement.

Trustee states at p. 6 line 18 that: "Due to Debtor's belligerence . . ." Again scandalous in dispute.

Trustee states at p. 9 line 21 that: "Debtor Knowingly filed fraudulent claims against her own estate." This is scandalous and false.

4

Trustee states at p. 11 line 15-16 that: "Debtor has been repeatedly sanctioned by the court and adjudicated in civil contempt on multiple occasions. . ." This is irrelevant to the motion and the sanctions and civil contempt are in dispute.

Trustee states at p. 11 line 17 to 20 that: ". . .her wide ranging fraudulent statements and repeatedly rejected, frivolous arguments . ." More scandalous and argumentative statements that take away from the motion.

For the reasons stated herein, Debtor respectfully requests the court strike the improper, irrelevant, impertinent and scandalous material in Trustee's Opposition filed on June 1, 2023.

Respectfully submitted,

Dated: June 8, 2023        By _____
Alicia Marie Richards
In Pro Se

## DECLARATION OF ALICIA MARIE RICHARDS

I, Alicia Marie Richards declare that:

1. If called as a witness I could and would competently testify to the following facts of my own Personal knowledge.

2. I have read my motion to strike and all the facts stated are true and correct.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of June, 2023.

                                        ALICIA MARIE RICHARDS

## CERTIFICATE OF SERVICE

I caused to be served by the Santa Ana Jail whose address is post office box 22003, Santa Ana, California, 92702, the foregoing document titled:

MOTION TO STRIKE

To be served by the clerk of the court on the date of receipt to the following email addresses:

ehays@marshackhays.com
tmang@marshackhays.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 8, 2023 at Santa Ana, California.

By: _____
Alicia Richards

Certified Mail/Return Receipts __7022 2410 0002 6217 9337__