1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  TINHO MANG, #322146
   tmang@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  General Counsel for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ALICIA MARIE RICHARDS,<br><br>Debtor. | Case No. 8:21-bk-10635-SC<br><br>Chapter 7<br><br>TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO ALTER OR AMEND ORDER DENYING MOTION TO ABANDON ALL KNOWN AND UNKNOWN CLAIMS<br><br>[Motion Docket No. 1542]<br><br>Date: September 12, 2023<br>Time: 11:00 a.m.<br>Ctrm: 5C – via ZoomGov<br>Address: 411 W. Fourth Street,<br>         Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES, DEBTOR, AND ALL INTERESTED PARTIES:

    Richard A. Marshack, Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Alicia Marie Richards ("Debtor"), files this opposition to Debtor's *Notice of Motion and Motion to Alter or Amend Order Denying Motion to Abandon All Estate Claims*, docketed on August 23, 2023, as Docket No. 1542 ("Motion").

1

TRUSTEE'S OPPOSITION TO MOTION TO ALTER OR AMEND DECISION ON MOTION TO COMPEL
ABANDONMENT OF ALL KNOWN AND UNKNOWN CLAIMS

4892-0112-9054.2/1015-148

## 1. Summary of Opposition

Debtor fails to meet her burden to justify the Court reconsidering an order that has not even been entered. As evidenced by her Motion, Debtor purposely misconstrues a narrowly-tailored abandonment order in a bad faith attempt to weaponize it against the Trustee. The Motion is frivolous, and the latest in a long series of bad faith litigation tactics by Debtor. The Motion must be denied.

## 2. Factual Statement

On July 6, 2023, as Dk. No. 1457, a motion to compel Trustee to abandon all claims known and unknown was filed by Debtor ("Abandonment Motion"). The hearing on the Abandonment Motion was originally set for July 18, 2023, but was continued by request of Trustee to August 15, 2023.

On August 1, 2023, as Dk. No. 1510, Trustee filed an opposition to the Abandonment Motion. To conserve judicial and estate economy, Trustee incorporates the detailed and lengthy factual history set forth in his opposition.

On August 14, 2023, as Dk. No. 1517, Debtor's request to continue the hearing on the Abandonment Motion was docketed.

At the hearing on August 15, 2023, Debtor orally requested a continuance of the hearing on the Abandonment Motion, and the request was denied. Additionally, the Court found that oral argument would not be necessary on the six pending motions or objections before the Court (five initiated by Debtor and one by Trustee), and issued its rulings on the record without oral argument.

On August 23, 2023, as Dk. No. 1539, Trustee lodged a proposed order on the Abandonment Motion with a notice of lodgment.

On August 23, 2023, as Dk. No. 1542, Debtor filed the Motion, seeking to alter or amend the Court's decision on the Abandonment Motion.

2

TRUSTEE'S OPPOSITION TO MOTION TO ALTER OR AMEND DECISION ON MOTION TO COMPEL
ABANDONMENT OF ALL KNOWN AND UNKNOWN CLAIMS
4892-0112-9054.2/1015-148

**3.    Legal Argument**

**A.    Relief under Rule 60(b) is unwarranted.**

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b) (made applicable to bankruptcy cases under FRBP 9024).

"To qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate 'mistake, inadvertence, surprise, or excusable neglect.'" *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). An additional requirement for relief under Rule 60(b)(1) is the existence of a meritorious argument. *See TCI Group Lice Insurance Plan v. Knoebber*, 244 F.3d 691, 696-97 (9th Cir. 2001) ("If, however, the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment.")."Rule 60(b)(6) should be 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Zurich American Insurance Co. v. International Fibercom, Inc. (In re International Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007). "As 60(b)(6) is a catchall provision, relief under that section should be for a reason beyond those elsewhere enumerated by the Rule." *United States v. Turner*, 2022 U.S. Dist. LEXIS 89423 at *8 (S.D. Cal. May 17, 2022).

The Motion contains a series of meandering arguments that conclude that Debtor is entitled to relief. Debtor only vaguely recites the language contained in FRCP 60(b)(1) as her statutory basis for relief. There is no relevant analysis to granting relief under FRCP 60(b)(1), in that Debtor fails to articulate any mistake, surprise, or excusable neglect ***on her part*** which resulted in the denial of the Abandonment Motion. *See United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210

Case 8:21-bk-10635-SC    Doc 1552    Filed 08/29/23    Entered 08/29/23 16:38:36    Desc
Main Document    Page 4 of 6

(B.A.P. 9th Cir. 2006) ("The issue is not whether the bankruptcy court made a mistake… Instead, the focus is on [Movant]."). Debtor has also failed to articulate any extraordinary circumstances requiring relief under FRCP 60(b)(6). Indeed, the Abandonment Motion sought abandonment of unspecified claims, both known and unknown. Because Debtor failed to sufficiently describe any claims to be abandoned, she could not have met her burden to compel abandonment of any claim, and the Court properly denied Debtor's motion.

**4.  Conclusion**

The Motion is meritless and must be denied. Trustee respectfully requests that the order lodged on August 23, 2023, be entered.

DATED: August 29, 2023   MARSHACK HAYS LLP

By:  */s/ Tinho Mang*
D. EDWARD HAYS
TINHO MANG
General Counsel for Chapter 7 Trustee,
RICHARD A. MARSHACK

4
TRUSTEE'S OPPOSITION TO MOTION TO ALTER OR AMEND DECISION ON MOTION TO COMPEL
ABANDONMENT OF ALL KNOWN AND UNKNOWN CLAIMS
4892-0112-9054.2/1015-148

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled **TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO ALTER OR AMEND ORDER DENYING MOTION TO ABANDON ALL KNOWN AND UNKNOWN CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 29, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 29, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
ALICIA MARIE RICHARDS
SANTA ANA JAIL M-88
ALICIA MARIE RICHARDS 2300000041
P.O. BOX 22003
SANTA ANA, CA 92702

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 29, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 29, 2023 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR DEBTOR AND DEFENDANT ALICIA MARIE RICHARDS:** Bruce A Boice bboice@lawyer.com, r51856@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Amanda N Ferns aferns@fernslaw.com, mmakalintal@fernslaw.com
   - **ATTORNEY FOR CREDITOR FIRST FINANCIAL CREDIT UNION:** Daniel K Fujimoto ecf@steelellp.com, rsoriano@steelellp.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Richard G Heston rheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com; HestonRR41032@notify.bestcase.com, handhecf@gmail.com
   - **ATTORNEY FOR CREDITOR ANDREW BROWN:** Christopher J Langley chris@slclawoffice.com, omar@slclawoffice.com; langleycr75251@notify.bestcase.com; ecf123@casedriver.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR KELLY MICHELLE RICHARDS and DEFENDANT AND CREDITOR JONATHAN STEVEN RICHARDS:** John H Mitchell johnmitchelllaw@yahoo.com
   - **ATTORNEY FOR DEFENDANT SCHOOLSFIRST FEDERAL CREDIT UNION:** Paul V Reza pvr1789@gmail.com, PVRLaw@gmail.com
   - **ATTORNEY FOR CREDITOR KEVIN E ROBINSON and CREDITOR, DEFENDANT, and PLAINTIFF RYAL W. RICHARDS:** Kevin E Robinson robinsonlawoffice@yahoo.com
   - **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR EUGENE V ZECH:** Eugene V Zech evzechlaw@aol.com

4895-4289-7524, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**