

FILED & ENTERED

SEP 01 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

In re:

Alicia Marie Richards

Debtor(s).

Case No.: 8:21-bk-10635-SC

CHAPTER 7

**ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING MOTION TO ABANDON ALL ESTATE CLAIMS**

Hearing to be vacated:
Date:       September 12, 2023
Time:       11:00 AM
Courtroom:  5C

The Court has considered Debtor's Motion for Order to Alter or Amend order Denying Motion to Abandon all Estate Claims filed August 23, 2023 [Dk. 1542] ("Motion"), the Opposition filed by Trustee on August 29, 2023 [Dk. 1552], the docket as a whole, and finding that further briefing or oral argument will not aid the Court in its determination of the Motion, finds that this matter is appropriate for disposition without a hearing and hereby DENIES the Motion and VACATES the hearing.

## I. Preliminary Statement

The filing of this Motion by Debtor is consistent with her practice of engaging in litigious practice, resulting in an excess of 40 appeals which span the Bankruptcy Appellate Panel, the District Court, and the Ninth Circuit. [See, Matrix, filed April 26, 2023 [Dk. 1336]]. As this Court has previously noted, and which bears repeating, the Court has also remanded two adversaries which had been removed to this Court, finding among other things, forum shopping. On January 12, 2023, this Court ordered Debtor remanded into the custody of the United States Marshals for civil contempt, for failing to turnover and/or account for $300,000 in lapsed homestead funds [See, Dk. 1144], where Debtor remains to this day. Further, this Court issued a criminal referral to the United States Attorney on June 5, 2023 [Dk. 1419].

## II. The Relevant Pleadings

The Underlying Motion for Abandonment [Dk. 1457] was denied by an order entered August 31, 2023 [Dk. 1557] (the "Challenged Order"). Debtor now seeks to alter or amend the Challenged Order.

In her Motion, Debtor asserts that reconsideration is necessary to avoid manifest injustice. Debtor asserts that she was surprised the Court denied a continuance because (a) creditors were not correctly noticed; and (b) she did not have time to file a reply to Trustee's Opposition since her time in the law library is limited and she planned to orally present it, which was not permitted. Because oral argument was not permitted, she argues that the Court's ruling was based on misstatements and the ruling was unjust. She also asserts that she has claims against Michael Lavocot, Andre De Law Cruz, Linda Miller, and Sheila Reico, which she wants to preserve.

Trustee opposes Debtor's Motion, asserting that Debtor did not meet her burden of proof to demonstrate that relief is warranted, and that the motion is frivolous. Trustee asserts that "Debtor only vaguely recites the language contained in FRCP 60(b)(1) as her statutory basis for relief. There is no relevant analysis to granting relief

under FRCP 60(b)(1), in that Debtor fails to articulate any mistake, surprise, or excusable neglect on her part which resulted in the denial of the Abandonment Motion." See *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006) ("The issue is not whether the bankruptcy court made a mistake… Instead, the focus is on [Movant]."). Debtor has also failed to articulate any extraordinary circumstances requiring relief under FRCP 60(b)(6). Indeed, the Abandonment Motion sought abandonment of unspecified claims, both known and unknown. Because Debtor failed to sufficiently describe any claims to be abandoned, she could not have met her burden to compel abandonment of any claim, and the Court properly denied Debtor's motion." This Court tends to agree.

### III.  Legal Standard and Analysis

### A. Reconsideration

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); see also *Sch. Dist. No. 1J, Multonomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that reconsideration should only be granted in "highly unusual circumstances"). A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial . . . motion." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130 (E.D. Cal. 2001) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985))

Reconsideration of an order under Rule 59 is appropriate only "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *SEC v. Platforms Wireless International Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quoting *United National Insurance Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)). The purpose of Rule 59 is not to

grant a "forbidden 'second bite at the apple.'" See *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Reconsideration may also be obtained pursuant to Rule 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

**B.    Court's Discretion**

A court has discretion over application of the local rules and to manage its calendar. "The bankruptcy court has broad discretion to apply its local rules strictly or to overlook any transgressions." *Nunez v. Nunez (In re Nunez),* 196 B.R. 150, 157 (9th Cir. BAP 1996); see also *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 842 n.2 (9th Cir. 1994) ("Only in rare cases will we question the exercise of discretion in connection with application of the local rules."). This is consistent with the well-settled principle that a court has broad discretion to manage its own calendar. See, e.g., *Agcaoili v. Gustafson*, 844 F.2d. 620, 624 (9th Cir. 1988) ("A trial court has the power to control its own calendar.").

**C.    Analysis**

As stated above, Debtor has not met her burden. Debtor does not articulate any "mistake, inadvertence, surprise, or excusable neglect" warranting relief.

The Court denied Debtor's request for a continuance, finding that a continuance would not aid in the disposition of the matter on the merits.

Debtor's notice argument is without merit. Debtor's originally noticed motion was served on June 27, 2023 (pursuant to Debtor's own attestation), which is exactly 21

days from the originally noticed hearing date of July 18, 2023. No opposition was filed by any creditor and on July 10, 2023, a date which was past the opposition date of July 4, 2023, Trustee sought and obtained a continuance of the hearing to August 15, 2023. Thus, the fact that Debtor's subsequent notice of hearing indicated that the hearing was continued to August 15, 2023, at 11:00 a.m. instead of 9:30 a.m. is of no relevance. Moreover, despite the error in the notice as to time, no opposition beyond Trustee's was filed. For the foregoing reasons, the error was harmless.

      Debtor's arguments regarding her lack of oral argument are equally unavailing. Debtor argued that since her time in the law library is limited and she was unable to timely reply to Trustee's opposition, she intended to use oral argument to orally reply to Trustee's opposition.  As noted above, the Court has discretion to control its calendar. Here, the Court did not feel that oral argument would aid the Court in its determination and nothing in the Motion presently before the Court has altered that conclusion.

      A party seeking relief under Rule 60(b)(6) must "'demonstrate both injury and circumstances beyond his control that prevented him from proceeding . . . the action in a proper fashion." *Id*. (*citing Cmty. Dental Servs. V. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). Debtor's arguments as to her claims were previously raised and determined. Debtor does not assert any extraordinary circumstances.

### IV.    Conclusion

Debtor has not met her burden of proof to demonstrate that relief is warranted as requested in the Motion. Accordingly, the Motion is DENIED and the hearing VACATED.

Date: September 1, 2023

Scott C. Clarkson
United States Bankruptcy Judge

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (specify) **ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING MOTION TO ABANDON ALL ESTATE CLAIMS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I. SERVED BY THE COURT VIA U.S. MAIL: A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Alicia Marie Richards
177 Riverside Post Office Box 1157
Newport Beach, CA 92959
Santa Ana Jail M-88

Alicia Richards, 2300000041
P.O. Box 22003
Santa Ana, CA 92702