FILED & ENTERED

SEP 09 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10635-SC |
| ALICIA MARIE RICHARDS. | Chapter 7 |
| Debtor. | MEMORANDUM OF DECISION APPROVING TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR FINAL COMPENSATION |
| | [FINAL REPORT DK. NO. 1798] [APPLICATIONS DK. NOS. 1803, 1796, 1794] |
| | Hearing Date: Date:   July 16, 2025 Time:  10:00 a.m. Place:  Courtroom 5C         411 W. Fourth Street         Santa Ana, CA 92701 |

On July 16, 2025, the Court held a continued hearing on the following items before the Court: (1) the final report filed by Richard A. Marshack, Chapter 7 Trustee ("Trustee"), as Dk. No. 1798 ("TFR"); (2) the final fee application filed by Trustee's general counsel, Marshack Hays Wood LLP ("MHW"), as Dk. No. 1803 ("MHW Final Application"); (3) the final fee application filed by Trustee's special counsel, Heston & Heston ("HH"), as Dk. No. 1796 ("HH Final Application"); (4) the final fee application filed by Trustee's accountant, Hahn Fife & Company ("Fife"), as Dk. No. 1794 ("Fife Final Application"); and (5) the request for approval of final compensation for the Trustee and his real estate agents incorporated into the TFR. At the hearing,

1

D. Edward Hays appeared on behalf of the Trustee and MHW. Richard G. Heston appeared on behalf of HH. All other appearances were as noted on the record. No party, however, appeared in opposition to any of the items on the calendar, including that there was no appearance made by the Debtor, Alicia Marie Richards, and there was no appearance made by the Debtor's father Lawrence Remsen ("Remsen") even though they had filed objections to the TFR and applications including Dk. Nos. 1822, 1830, 1833, 1837, 1838, 1839, and 1840. After carefully reviewing all pleadings and objections, the Court found good cause, for the reasons discussed on the record and as amplified herein, to approve the TFR, the MHW Final Application, the HH Final Application, the Fife Final Application, and all other requests for fees and expenses approved on a final basis as set forth in the TFR.

THE COURT RULES, ADJUDGES, AND DETERMINES AS FOLLOWS:

## 1. Introduction

The Court's decision today is the culmination of over four years of an extraordinarily litigious bankruptcy case. The debtor, Alicia Marie Richards ("Debtor"), filed this Chapter 7 bankruptcy case on March 12, 2021, without the assistance of an attorney. When the case was filed, she listed in her bankruptcy schedules a community property interest in the real property located at 351 Catalina Drive, Newport Beach, CA ("Catalina Property"), where she resided, and claimed a homestead exemption in the Catalina Property in the amount of $600,000.

The Debtor's motivation in filing the bankruptcy case was related to ongoing marital dissolution proceedings between the Debtor and her ex-husband Ryal Richards ("Mr. Richards"), and the Debtor's position that the state court had made a series of incorrect rulings with respect to Mr. Richards and the Catalina Property. As set forth in another order by this Court, the Court is well-acquainted with Debtor, having observed her conduct over at least four years.[1] Debtor is known by the Court to be a prevaricator, a fabricator, and a dissembler. The Debtor has extensively and vexatiously opposed routine actions by the Chapter 7 Trustee and, through her

---

[1] When the case was originally filed, the Hon. Erithe A. Smith presided over the proceedings until her retirement in September 2022.

2

4875-1936-7963/v1.1015-148.1

1  extreme obstructionism, has greatly and unnecessarily multiplied these proceedings and wasted

2  the parties' and the Court's time with repeated, nonsensical, and frivolous arguments.

3       When Debtor's oppositions were unsuccessful, or her own motions were denied, she

4  would file a notice of appeal. After the appeals were unsuccessful at the first level of appeal

5  before the BAP or District Court, the Debtor would then file a further appeal to the Ninth Circuit.

6  In some cases, she would then seek *certiorari* from the United States Supreme Court. This

7  behavior mirrors the Debtor's pattern of behavior in the state court, where the Court is aware of a

8  significant number of appeals having been filed before the California Court of Appeal related to

9  the Debtor's various arguments decided by the state court. None of her appeals were successful.

10      In her bankruptcy case, the Court approved the Trustee's sale of the Catalina Property

11  after an auction was conducted during the sale hearing for a $2,200,000. This amount was

12  significantly greater than the value scheduled by the Debtor, and $100,000 greater than the $2.1

13  million valuation that the Debtor advanced in opposing the Trustee's motion to sell. Despite

14  representing on the record at that sale hearing that she would voluntarily vacate and turn over to

15  the Trustee the Catalina Property to permit the escrow to close, she failed to leave until she was

16  adjudged in civil contempt, and the U.S. Marshals Service executed a writ of assistance to remove

17  her from the Catalina Property. The sale of the Catalina Property closed over the Debtor's

18  objection, and she received a partial distribution of her homestead exemption in the amount of

19  $300,000 (half of the claimed $600,000). The state court entered an order providing that Mr.

20  Richards was entitled to receive the other one-half of the homestead exemption.

21      California and Ninth Circuit law required the Debtor to reinvest these homestead proceeds

22  into a qualifying homestead within six months, otherwise the proceeds would lose their exempt

23  character. But, despite knowing the reinvestment requirement, the Debtor instead chose to spend,

24  transfer, and conceal those funds. She even dissipated and concealed the remaining balance of

25  funds shortly after the Trustee filed a motion seeking turnover of the lapsed homestead

26  exemption. The Trustee's motion was granted but the Debtor failed and refused to comply with

27  the Court's order to turn over the funds. She was adjudicated in contempt and subjected to an

28  order of body detention in an attempt to coerce her to comply with the Court's order. Despite

4875-1936-7963/v1.1015-148.1

1  being held for nearly 2.5 years, the Debtor never purged her contempt and she remains in

2  possession of non-exempt estate property.[2]

3        For the Debtor's disobedience of Court's orders in this case, her discharge was denied

4  through a motion for judgment on the pleadings, twice adjudged in civil contempt, and subjected

5  to an order filed on the docket [Docket 1419] providing a criminal referral to the United States

6  Attorney. On March 8, 2024, this Court entered an order declaring Debtor and her father (who

7  frequently joins in the Debtor's arguments, filing as a self-represented, self-styled creditor) to be

8  vexatious litigants.

9        The Court agrees with the Trustee's characterization of the case: this could have been a

10  simple bankruptcy case, because the Debtor had only one valuable asset, a piece of real property.

11  If the Debtor had complied with her statutory duty of cooperating with the Trustee under 11

12  U.S.C. § 521(a)(3), she very likely would have received her discharge, her creditors would have

13  been paid in full or substantial part, and she possibly could have received the return of a surplus.

14  Instead of cooperating, however, the Debtor chose to file an enormous volume of pleadings,

15  motions, oppositions, and appeals, such that the docket *in the main bankruptcy case alone* is

16  approaching 1900 docket entries (so far), and as detailed below, over 60 appeals have been filed

17  by Debtor and/or her father in this case. Under the totality of the circumstances in this case,

18  especially where the Debtor has (either directly or indirectly) caused and exacerbated most, if not

19  all, of the litigation in this case advancing frivolous arguments, the Court finds that the Trustee's

20  administration of this case was reasonable, proper, and necessary. The Court finds, as detailed

21  below, that the Trustee's professionals' fees should be granted as requested, as actual, reasonable,

22  and necessary expenses of administering this estate and defeating the Debtor's vexatious attempts

23  to preclude administration of bankruptcy estate property for the benefit of creditors and parties in

24  interest.

25

26

27

28
                
[2] Debtor was held from January 12, 2023, through June 26, 2025, in a failed effort to coerce her to comply with the Court's turnover order.

4875-1936-7963/v1.1015-148.1

## 2.    Summary Factual Background

Prior to bankruptcy, Debtor was married to Ryal W. Richards (previously defined as "Mr. Richards"). Mr. Richards and Debtor lived in the Property, and held title to the Property as "Ryal W. Richards and Alicia M. Richards, Husband and Wife as Joint Tenants."

On November 4, 2015, Mr. Richards filed a petition for divorce, initiating family court case number 15D009634 in the Orange County Superior Court ("Dissolution Action").

On January 26, 2018, a judgment was entered by the family court in the Dissolution Action which provided, *inter alia*, that the Property was to be sold and the proceeds were to be distributed equally to Debtor and Mr. Richards ("Dissolution Judgment"). Although Debtor and Remsen contend that the Dissolution Judgment is void, neither Debtor nor Remsen have provided a decision from any court, either state or federal, determining that the Dissolution Judgment is void. Debtor's motion to set aside the stipulations that resulted in entry of the Judgment was denied and affirmed on appeal.

On March 12, 2021, Debtor filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, initiating this bankruptcy case. This was Debtor's second bankruptcy case in two years; she previously filed a Chapter 13 bankruptcy case, which was denominated case number 8:19-bk-11677-ES, and which was dismissed after Debtor was unsuccessful in confirming a Chapter 13 plan.

The record in the main bankruptcy case is extremely and unnecessarily lengthy. The Court finds the charts presented by MHW in its fee application to be accurate and useful as a summary of the proceedings in the main case, and adopts the charts, as modified below:

| Dk. No. | Date | Filer | Short Title | Outcome |
|---------|------|-------|-------------|---------|
| **FIRST REPORTING PERIOD OF APRIL 18, 2021 TO JUNE 30, 2022** | | | | |
| 12 | 5/7/2021 | Trustee Special Counsel – ("SC") | Application to Employ Special Counsel | Granted over Debtor's objection. Dk. 71. |
| 18 | 5/10/2021 | Trustee | Application to Employ Real Estate Agent | Granted over Debtor's objection. Dk. 73. |
| 22 | 5/12/2021 | Trustee (SC) | Trustee's Motion to Abandon Certain Litigation | Withdrawn. Dk. 72. |
| 24 & 27 | 5/12/2021 | Debtor | Debtor's Motion to Compel Trustee to Abandon Zech Claims | Granted over Trustee's limited opp. Dk. 84. |

| 34 | 5/17/2021 | Mr. Richards | Motion for Relief from Automatic Stay re: Dissolution Action | Granted over Debtor's opposition. Dk. 101. |
|---|---|---|---|---|
| 55 | 5/31/2021 | Debtor | Motion to Convert to Chapter 13 | Denied. Dk. 148. Affirmed by BAP on 3/24/2022. Ninth Circuit affirmed on 6/3/24. |
| 80 | 6/21/2021 | Trustee (SC) | Motion to Extend 727 Deadline | Granted over Debtor's opposition. Dk. 149. BAP appeal dismissed by debtor. |
| 95 | 6/28/2021 | Debtor | Claim Objection 2-1 (Eugene Zech) | Withdrawn. Dk. 185 |
| 96, 116 | 6/28/2021 | Debtor | Claim Objection 5-1 (K. Robinson) | Withdrawn. Dk. 251. |
| 97, 120, 124, 134, 136 | 6/28/2021 | Debtor | Claim Objection 6-1 (R. Richards) | Withdrawn. Dks. 252, 253. |
| 114 | 7/20/2021 | Trustee | Cash Disbursement Motion Re: Survey | Granted in part, denied in part. Dk. 229. |
| 138 | 7/23/2021 | Debtor | Motion to Compel Abandonment of Litigation Claims | Denied without prejudice. Dk. 708. |
| 143 | 7/27/2021 | Debtor | Claim Objection 7-1 (Cavalry SPV) | Sustained, claim disallowed. Dk. 262. |
| 150 | 7/30/2021 | Debtor | Motion Against Mr. Richards for Automatic Stay Damages | Denied. Dk. 1013. |
| 155 | 8/2/2021 | Debtor | Claim Objection 3-1 (Capital One) | Overruled. Dk. 1025. |
| 157 | 8/2/2021 | Debtor | Motion for Relief from the Automatic Stay (Zech litigation) | Granted. Dk. 268. |
| 180, 191 | 8/5/2021 | L. Remsen | Claim Objection 6-1 (R. Richards) | Withdrawn. Dk. 255. |
| 187 | 8/6/2021 | L. Remsen | Claim Objection 5-1 (K. Robinson) | Withdrawn. Dk. 254. |
| 204 | 8/10/2021 | Debtor | Claim Objection 9-1 (Britt/Brown) | Denied. Dk. 930. |
| 218 | 8/16/2021 | Trustee | Application to Employ Appraiser | Denied.[1] Dk. 365 |
| 222 | 8/17/2021 | Trustee (SC) | Claim Objection 10-1 (L. Remsen) | Withdrawn. Dk. 303. |
| 233 | 8/23/2021 | Trustee (SC) | Application to Employ Heston & Heston as General Counsel | Granted in part over Debtor's opposition. Dk. 396. |
| 298 | 9/17/2021 | Trustee – General Counsel ("GC") | Application to Employ Marshack Hays LLP as General Counsel | Granted over Debtor's opposition. Dk. 392. |
| 304 | 9/21/2021 | Debtor | Motion to Stay Entire Case Pending Conversion Appeal | Denied. Dk. 394. |
| 320 | 9/30/2021 | Trustee (GC) | Sale Motion | Granted. Dk. 420. Sale closed 3/8/2022. BAP affirmed. Ninth Circuit |

| | | | | |
|---|---|---|---|---|
| | | | | affirmed on 6/3/2024. |
| 324 | 9/30/2021 | Trustee (GC) | Turnover Motion | Granted. Dk. 421. Indicative Ruling Dk. 523. Writ of assistance executed by Marshals. BAP dismissed appeals. Ninth Circuit affirmed on 6/3/2024. |
| 348 | 10/14/2021 | Trustee (GC) | Adversary complaint against Remsen Family Trust | Summary judgment entered in favor of Trustee. Adv. Dk. 156-57 |
| 378 | 10/25/2021 | Trustee | Application to employ accountant. | Granted with no opposition. Dk. 407 |
| 422 | 11/30/2021 | Debtor | Ex Parte Motion to Stay Turnover Order | Denied. Dk. 434. Interlocutory appeals (3) taken and dismissed by BAP. Ninth Circuit affirmed on 6/3/2024. |
| 476 | 1/4/2022 | Trustee (GC) | Motion for Issuance of OSC re: Civil Contempt | OSC issued as Dk. 509. Debtor adjudicated in civil contempt. Dk. 554. USDC affirmed on appeal. Ninth Circuit affirmed on 6/3/2024. |
| 479 | 1/4/2022 | Trustee (GC) | Motion to Extend 727 Deadline After Expiration | Granted over Debtor's opposition. USDC dismissed appeal for lack of jurisdiction. Ninth Circuit summarily affirmed on 5/31/2023. |
| 500 | 1/11/2022 | Debtor | Motion to Compel Abandonment of Pending Appeals | Granted without opposition. Dk. 550. |
| 557 | 2/22/2022 | Trustee (GC) | Adversary Proceeding objecting to Debtor's discharge – § 727(a)(6). | Judgment denying discharge entered. Adv. Dk. 69-70. USDC appeal dismissed for lack of prosecution on 5/4/2023. |
| 577 | 3/2/2022 | Trustee (GC) | Motion re: disposition of personal property after turnover | Denied as moot. Dk. 671. |
| 610 | 3/22/2022 | Mr. Richards | Motion for order paying $300,000 homestead to Mr. Richards | Withdrawn. Dk. 630. |
| 625 | 3/28/2022 | Trustee (SC) | Motion for order authorizing homestead payment to Mr. | Granted solely as to interpleader or to hold |

| | | | | |
|---|---|---|---|---|
| | | | Richards or alternatively to interplead. | funds. Dk. 697. Debtor filed motion to alter or amend. Dk. 716. Motion was denied. Dk. 893. |
| 657 | 4/29/2022 | Debtor | Motion for Order paying $300,000 homestead funds to Debtor | Denied. Dk. 1024. Appeal to USDC affirmed 9/06/2023. Ninth Circuit appeal is pending. |
| 672 | 5/26/2022 | Trustee (GC) | Motion for Community Property Determination and Claims Procedure | Granted over Debtor's opposition. Dk. 728. Debtor filed a motion to alter or amend. Dk. 730. Motion was denied. Dk. 892. |
| 695 | 6/13/2022 | Debtor | Stipulation with Lawrence Remsen for Relief from Stay | Denied without prejudice. Dk. 698. |
| 710 | 6/21/2022 | L. Remsen | Complaint for breach of contract, torts, and declaratory relief | Complaint and cross-complaint dismissed with anti-SLAPP sanctions. Adv. Dks. 67, 120. BAP affirmed in a published decision. Ninth Circuit appeal is pending (trustee is not a party). |
| 721 | 6/28/2022 | Trustee (GC) | Claim Objection 10-3 (L. Remsen) | Sustained. Dk. 911. |
| **SECOND INTERIM PERIOD OF JULY 1, 2022, TO MARCH 23, 2023** | | | | |
| 741 | 7/25/2022 | L. Remsen | Motion to Consolidate pending adversaries and claim objection | Denied on Trustee's objection. Dk. 894. USDC affirmed on 9/6/2023. Ninth Circuit appeal pending. |
| 742 | 7/27/2022 | L. Remsen | Motion to Quash Trustee's subpoena to Financial Institution | Denied on Trustee's objection. Dk. 898. USDC affirmed on 9/6/2023. Ninth Circuit appeal pending. |
| 748 | 7/28/2022 | Trustee (SC) | Interim Application for Fees and Costs (Heston & Heston) | Approved in reduced amount over Debtor's objection. Dk. 830. |
| 754 | 7/28/2022 | Trustee (GC) | First Interim Application for Fees and Costs (Marshack Hays LLP) | Approved in reduced amount over Debtor's objection. Dk. 830. |
| 757 | 7/29/2022 | Debtor | Notice to Federal Court of Removal of Civil Action from State Court | Removed action remanded pursuant to R. Richards motion. |

| | | | | |
|---|---|---|---|---|
| | | | | Adv. Dk. 23. BAP affirmed on 6/1/2023. |
| 784 | 8/10/2022 | Debtor L. Remsen | Joint Motion to Alter or Amend Orders Granting Trustee's Motion for Sale and Turnover of Real Property | Denied on Trustee's objection. Dk. 1014. USDC affirmed on 9/6/2023. Ninth Circuit appeal voluntarily dismissed. |
| 786 | 8/12/2022 | Debtor L. Remsen | Joint Motion to Join buyer to sale/turnover proceedings | Denied on Trustee's objection. Dk. 897. |
| 803 | 8/26/2022 | Debtor | Motion to Alter or Amend Order Granting Relief from Automatic Stay | Withdrawn. Dk. 918. |
| 829 | 9/06/2022 | Debtor | Motion to Disqualify and/or Recuse Judge Scott C. Clarkson for Bias and Prejudice | Denied on Trustee's objection. Dk. 847. Appeal dismissed 5/4/2023 for lack of prosecution. |
| 837 | 9/9/2022 | L. Remsen | Notice to Federal Court of Removal of Civil Action from State Court | Remanded pursuant to Trustee's motion. Adv. Dk. 7. USDC dismissed appeal 5/4/2023 for lack of prosecution. |
| 883 | 9/22/2022 | Debtor | Motion to Compel Trustee to Abandon Estate Claims (Britt/Brown) | Withdrawn by oral request at the hearing. No order entered. *See* Dk. 1038. |
| 899 | 9/29/22 | Debtor | Second Stipulation re: Relief from Stay on Bankruptcy Proceedings of Lawrence Remsen | No order entered. Opposition by Trustee. |
| 931 | 10/11/2022 | Trustee (GC) | Motion to Compel Debtor to Turn Over Lapsed Homestead Exemption Funds | Granted over Debtor's objection. Dk. 1026. USDC affirmed on 8/1/2023. |
| 934 | 10/11/2022 | Trustee (GC) | Motion to Approve Compromise with Creditors Ellie Britt and Andrew Brown | Granted over Debtor's objection. Dk. 996. USDC dismissed appeal 5/4/2023 for lack of prosecution.[3] |
| 1000 | 11/10/22 | Trustee (GC) | Objection to Claim 10-4 (L. Remsen amended claim) | Sustained over objection. Dk. 1114. BAP affirmed on 12/27/2023. Ninth Circuit appeal pending. |
| 1032 | 11/22/22 | Trustee (GC) | Motion to Lift Stay of Judgment Enforcement Proceedings for Homestead Turnover Order | Granted on shortened time hearing. Dk. 1049. |
| 1050 | 11/29/2022 | Trustee | Motion to Approve Trustee's | Granted over Debtor's |

4875-1936-7963/v1.1015-148.1

| | | (GC) | Compromise with Secured Creditor Eugene V. Zech | objection. Dk. 1152. |
|---|---|---|---|---|
| 1067 | 12/02/2022 | Trustee (GC) | Application and Order for Appearance and Examination (Debtor) | Application approved and judgment debtor examination was conducted. |
| 1079 | 12/13/2022 | Trustee (GC) | Motion for Order Authorizing Payment and Allocation of Taxes | Granted over Debtor's objection. Dk. 1146. Taxes were paid on time. |
| 1097 | 12/20/2022 | Trustee (GC) | Motion to Approve Trustee's Compromise with Secured Creditor Brian W. Baron | Granted over Debtor's objection. Dk. 1157. |
| 1141 | 1/12/2023 | Debtor | Motion to Quash Trustee's Subpoena to Produce Documents and/or Protective Order | Denied on Trustee's objection. Dk. 1173. |
| 1176 | 2/1/2023 | Trustee (GC) | Motion for Order Authorizing 2004 Examination of Jonathan Steven Richards | Granted. Dk. 1194. Jonathan Richards voluntarily appeared for examination and it was concluded. |
| 1196 | 2/8/2023 | Trustee (GC) | Motion to Approve Compromise Controversy re: Buyer's Claim for Damages | Granted over Debtor's objection. Dk. 1265. USDC affirmed on 9/13/2024. |
| 1231 | 3/9/2023 | Debtor | Motion to Release $1,900 to Pay Limited Scope Attorney to Obtain Record on Appeal re: Contempt | Denied on Trustee's objection. Dk. 1244. |
| 1235 | 3/9/2023 | Trustee (GC) | Stipulation to Avoid, Recover, and Preserve Judgment Lien Recorded by Kevin E. Robinson and Patricia Strang | Order entered over Debtor's objection. Dk. 1370. |
| **THIRD REPORTING PERIOD OF MARCH 23, 2023, TO MARCH 24, 2025** | | | | |
| | | | | |
| 1238 | 3/10/2023 | Trustee (GC) | Adversary proceeding to avoid transfers to Remsen Family Trust | Default judgment entered in favor of Trustee. USDC dismissed appeals as frivolous on 3/7/2025. |
| 1252 | 3/22/2023 | Trustee (SC) | Heston & Heston Second Interim fee application | Approved over Debtor's objection, as amended. Dk. 1421. |
| 1264 | 3/28/2023 | Debtor | Declaration of Inability to Comply | Hearing denied. Dk. 1270. USDC dismissed appeal 12/12/2023. |
| 1280 | 4/04/2023 | Trustee (GC) | Marshack Hays LLP Second Interim fee application | Approved over Debtor's objection. |

| | | | | Dk. 1351. |
|---|---|---|---|---|
| 1284 | 4/04/2023 | Trustee (GC) | Motion to Approve Compromise with Ryal W. Richards | Granted over Debtor's objection. Dk. 1372. |
| 1286 | 4/04/2023 | Trustee (GC) | Motion to approve compromise with Kevin Robinson | Granted over Debtor's objection. Dk. 1369. |
| 1294 | 4/07/2023 | Debtor | Ex parte Motion To Stay Compromise Order Between Trustee and Lucian Rusu | Denied. Dk. 1371. |
| 1319 | 4/20/2023 | Debtor | Ex parte Motion to Recuse Scott C. Clarkson | Denied after reassignment to different judge for determination. Dk. 1407. |
| 1321 | 4/20/2023 | Trustee (GC) | Motion to Quash Subpoena Served by Debtor (for paper materials) | Granted after Debtor admitted that the subpoena was moot. Dk. 1408. |
| 1374 | 5/11/2023 | Ryal Richards | Motion to Quash Subpoena Served by Debtor | Granted. Dk. 1474. |
| 1384 | 5/17/2023 | Debtor | Motion to Strike Richard Heston's Amended Application for Fees | No order entered. Order approving fee application mentions this. |
| 1385 | 5/17/2023 | Debtor | Motion to Remove Richard A. Marshack, Chapter 7 Trustee For Cause | Denied. Dk. 1446. |
| 1416 | 6/05/2023 | Debtor | Motion to Strike Richard Heston's Request for Judicial Notice | No order entered. |
| 1417 | 6/05/2023 | Debtor | Motion to Alter or Amend Orders granting Trustee's Compromises | Denied. Dk. 1476. |
| 1433 | 6/15/2023 | Debtor | Motion to Strike Portions of Richard A. Marshack's Opposition to Debtor's Motion to Remove Trustee | Denied. Dk. 1447. |
| 1434 | 6/20/2023 | Trustee (GC) | Motion for Authority to Pay Community Claims | Granted. Dk. 1506. |
| 1457 | 7/06/2023 | Debtor | Motion for Order to Compel Trustee to Abandon All Estate Claims | Denied. Dk. 1557. USDC affirmed on 3/18/2025. |
| 1459 | 7/06/2023 | Debtor | Motion to Stay Compromise Orders | Denied. Dk. 1556. |
| 1465 | 7/10/2023 | Trustee (GC) | Motion to Continue Hearings on stay and abandonment motions | Granted. Dk. 1466. |
| 1468 | 7/10/2023 | Debtor | Objection to Ford Motor Credit Co. Claim 16-2 | Overruled, although the claim was later withdrawn. Dk. 1555. |
| 1470 | 7/10/2023 | Debtor | Objection to Capital One Claim 3-2 | Overruled. Dk. 1555. |

4875-1936-7963/v1.1015-148.1

| 1472 | 7/10/2023 | Debtor | Objection to SchoolsFirst Federal Credit Union Claim 15-1 | Sustained, although the claim was later withdrawn. Dk. 1555. |
|---|---|---|---|---|
| 1488 | 7/17/2023 | Debtor | Motion and Affidavit for Leave to Appeal In Forma Pauperis | No order entered. Not properly brought in the trial court. |
| 1493 | 7/24/2023 | Debtor | Motion to Stay Order Granting Trustee Motion To Pay Alleged Community Claims | Denied. Dk. 1558. |
| 1527 | 8/17/2023 | Debtor | Amended Objection to Ford Motor Credit Company LLC And Cross Claims | Mooted by withdrawal of FMC claim. |
| 1620 | 1/17/2024 | Debtor | Request to Transfer to Federal Facility; Request Order To Give Legal Documents | Denied. Dk. 1629. |
| 1624 | 1/25/2024 | Debtor | Motion for Order to Designate Debtor As Pro Se To Be Provided Access To Judicial Resources | Withdrawn. Dk. 1637. |
| 1630 | 1/31/2024 | Court | Order Directing Debtor and Lawrence Remsen to Appear Remotely and Show Cause Why They Should Not be Declared Vexatious Litigants | Vexatious litigant order entered as Docket No. 1645.<br><br>A motion for authority to file notice of appeal was filed [Dk. 1652] and granted, but no appeal filed. |
| 1647 | 3/13/2024 | Debtor | Request Additional Time to Respond to Court's Order to Show Cause Re: Pre-Filing Order | Treated as Motion for Reconsideration and denied. Dk. 1710. |
| 1652 | 3/26/2024 | Debtor | Motion for Authority to File Notice of Appeal of Vexatious Litigant Order | Granted. Dk. 1709. No notice of appeal appears to have been actually filed. |
| 1715 | 7/12/2024 | Debtor | Motion for Authority to File Amended Notice of Appeal of Orders | Disposed of by Dk. 1716. No notice of appeal appears to have been actually filed. |
| 1730 | 11/14/2024 | Trustee | Trustee's First Interim Report and Account | Approved. Dk. 1766. |
| 1731 | 11/14/2024 | Trustee (GC) | Trustee's Motion to Approve Interim Distributions | Granted. Dk. 1766. |
| 1790 | 05/16/2025 | Debtor (via FPD) | Motion Requesting Release from Incarceration for Civil Contempt | Granted. Dk. 1816. |
| 1794 | 05/27/2025 | Trustee | Application for Compensation - First & Final | Approved here. |

12

| | | | Fee Application Hahn Fife & Company | |
|---|---|---|---|---|
| 1796 | 05/27/2025 | Trustee (SC) | Application for Compensation – Final Fee Application | Approved here. |
| 1798 | 05/28/2025 | Trustee | Final Trustee Report, Application for Compensation and Application(s) by Compensation of Professionals | Approved here. |
| 1803 | 05/29/2025 | Trustee (GC) | Application for Compensation – Third Application for Allowance of Fees and Costs | Approved here. |

After the hearing on the final report and applications for final compensation, Debtor has continued to file appeals and pleadings. The sections below summarize the appeals filed in this case, all of which were filed either by Debtor or Mr. Remsen. The Trustee has periodically filed on the docket a matrix of pending appeals, the latest of which was filed on November 7, 2023, as Docket No. 1607.

### A.    District Court Appeals (20)

| Case No. | Short Title | Order on Appeal | Notes |
|---|---|---|---|
| 8:22-cv-00329-SB | *Richards v. Marshack* | **Civil Contempt Order** [Dk. 554] | Affirmed 8/25/2022. Further affirmed 6/3/2024: 9th Cir. 22-55934 |
| 8:22-cv-00330-SB | *Richards v. Marshack* | **Discharge Deadline Extension Order** [Dk. 556] | Dismissed/affirmed 8/25/2022. Further affirmed 6/3/2024: 9th Cir. 22-55935 |
| 8:22-cv-01813-SB | *Remsen & Richards v. Marshack* | **Second Remand Order** Adv. 8:22-ap-01079-SC [Adv. Dk. 7] | Consolidated with: 8:22-cv-01855-SB 8:22-cv-01858-SB 8:22-cv-01954-SB Dismissed by amended order entered 5/17/2023. Debtor contends that the District Court failed to docket her further notice of appeal. |

| 8:22-cv-01855-SB | *Richards v. Marshack* | **Discharge Judgment** Adv. 8:22-ap-01024-SC [Adv. Dk. 70] | Consolidated with: 8:22-cv-01813-SB 8:22-cv-01858-SB 8:22-cv-01954-SB Dismissed by amended order entered 5/17/2023. |
|---|---|---|---|
| 8:22-cv-01858-SB | *Richards v. Marshack* | Four orders. **1) Sanctions Order** Adv. 8:22-ap-01056-SC [Adv. Dk. 57] **2) Order denying consolidation** [Dk. 894] **3) Order denying consolidation** Adv. 8:22-ap-01056-SC [Adv. Dk. 59] **4) Order sustaining claim objection to 10-1, 10-2, and 10-3** [Dk. 911] | Consolidated with: 8:22-cv-01813-SB 8:22-cv-01855-SB 8:22-cv-01954-SB Dismissed by amended order entered 5/17/2023. |
| 8:22-cv-01937-SB | *Richards v. Brown et al.* | **Order Overruling Debtor's Claim Objection** [Dk. 930] | Consolidated with 8:22-cv-02098-SB. Dismissed by amended order entered 5/17/2023. |
| 8:22-cv-01951-SB | *Richards v. Marshack* | **Order Denying reconsideration of Trustee's homestead interpleader motion** [Dk. 954] | Consolidated with: 8:22-cv-02182-SB 8:22-cv-02183-SB Affirmed by order entered on 9/06/2023. Motion for rehearing filed on 9/26/2023 with no decision rendered. Further appeal: 9th Cir. No. 24-432. |
| 8:22-cv-01954-SB | *Remsen & Richards v. Richards* | **Order granting defendants' motion to dismiss** Adv. 8:22-ap-01056-SC [Adv. Dk. 67] | Consolidated with: 8:22-cv-01813-SB 8:22-cv-01855-SB 8:22-cv-01858-SB Dismissed by amended order entered 5/17/2023. |
| 8:22-cv-02098-SB | *Richards v. Marshack* | **Compromise order with Britt/Brown** [Dk. 996] | Fully consolidated with 8:22-cv-01937-SB and closed. |
| 8:22-cv-02182-SB | *Remsen & Richards v.* | **Order denying** | Consolidated with: |

4875-1936-7963/v1.1015-148.1

| | | | |
|---|---|---|---|
| | *Marshack* | **reconsideration of Sale/Turnover Orders** [Dk. 1014] | 8:22-cv-01951-SB 8:22-cv-02183-SB<br><br>Affirmed by order entered on 9/06/2023. No further appeal filed. (motion for rehearing filed in -1951 only). |
| 8:22-cv-02183-SB | *Richards v. Marshack* | **Order denying Debtor's motion to pay homestead to Debtor** [Dk. 1024] | Consolidated with: 8:22-cv-01951-SB 8:22-cv-02182-SB<br><br>Affirmed by order entered on 9/06/2023. No further appeal filed (motion for rehearing filed in -1951 only). |
| 8:22-cv-02197-SB | *Richards v. Marshack* | **Order Denying reconsideration of Trustee's homestead interpleader motion** [Dk. 954] | Duplicative of -1951 appeal above. See footnote. Dismissed as duplicative 3/16/2023. |
| 8:23-cv-00199-SB | *Richards v. Marshack* | **Second Civil Contempt Order** [Dk. 1144] | Affirmed by order entered on 8/01/2023.<br><br>No further appeal docketed; however, Debtor contends that the District Court failed to docket her notice of appeal. |
| 8:23-cv-00659-SB | *Richards v. Marshack* | **Order Approving Compromise with Lucian Rusu** [Dk. 1265] | Transferred from BAP 4/17/2023.<br><br>Dismissed as frivolous on 9/13/2024. |
| 8:23-cv-00697-SB | *Richards v. Marshack* | **Order Denying Advanced Hearing on Civil Contempt** [Dk. 1270] | Affirmed 12/12/2023.<br><br>No further appeal filed. |
| 8:23-cv-01295-SB | *Richards v. Marshack* | **Order Denying Debtor's Motion to Remove Trustee** [Dk. 1446] | Dismissed for lack of appellate jurisdiction on court's own OSC on 10/02/2023.<br><br>No further appeal filed. |
| 8:23-cv-01364-SB | *Richards v. Marshack* | **Order Denying Debtor's Motion to Alter or Amend Orders Granting Trustee's Compromises** [Dk. 1417] | Dismissed for lack of standing 3/7/2025.<br><br>Further appeal: 9th Cir. 25-3306. |

4875-1936-7963/v1.1015-148.1

| 8:23-cv-01558-SB | *Richards v. Marshack* | **Order Granting Chapter 7 Trustee's Motion for Authority to Pay Community Claims Pursuant to 11 U.S.C. § 726** [Dk. 1506] | Dismissed for lack of standing 3/18/2025.  Further appeal: 9th Cir. 25-3155. |
| 8:23-cv-01799-SB | *Richards v. Marshack, Ford Motor Credit, Capital One* | **Order On Debtor's Claim Objections** [Dk. 1555] | Consolidated with 23-01558 and dismissed for lack of standing on 3/18/2025.  Further appeal: 9th Cir. 25-3155. |
| 8:24-cv-01520-SB | *Richards v. Marshack* | **Various Orders in Adv. No. 8:23-ap-01022-SC** | Dismissed as frivolous 3/7/2025.  Further appeal: 9th Cir. 25-3394. |

After the hearing on July 16, 2025, Debtor filed five additional notices of appeal, for a total of 25 District Court appeals as of August 29, 2025.

## B.    BAP Appeals (16)

| Case No. | Short Title | Order on Appeal | Notes |
|---|---|---|---|
| 21-1178 | *Richards v. Marshack* | **Order Denying Conversion** [Dk. 148] | Affirmed 3/24/2022. Further affirmed 6/3/2024: 9th Cir. 22-60016 |
| 21-1184 | *Richards v. Marshack* | **Discharge Deadline Extension Order** [Dk. 149] | Voluntarily dismissed by Debtor on 10/1/2021. |
| 21-1262 | *Richards v. Marshack* | **Amended Sale Order** [Dk. 420] | Affirmed 11/7/2022. Further appeal (1): 9th Cir. 22-60026 (dismissed) Further affirmed 6/3/2024: 9th Cir. 22-60058 |
| 21-1263 | *Richards v. Marshack* | **Amended Turnover Order** [Dk. 421] | Dismissed as moot 7/21/2022. Further affirmed 6/3/2024: 9th Cir. 22-60030 |
| 21-1266 | *Remsen v. Marshack* | **Amended Sale Order** [Dk. 420] | Affirmed 11/7/2022. Further appeal (1): 9th Cir. 22-60027 (dismissed) |

| | | | Further affirmed 6/3/2024: 9th Cir. 22-60057 |
|---|---|---|---|
| 21-1267 | *Remsen v. Marshack* | **Amended Turnover Order** [Dk. 421] | Dismissed as moot 7/21/2022. Further affirmed 6/3/2024: 9th Cir. 22-60029 |
| 21-1275 | *Richards v. Marshack* | **Ex Parte Denial Order** [Dk. 434] | Dismissed for lack of jurisdiction 4/1/2022. Further affirmed 6/3/2024: 9th Cir. 22-60031 |
| 21-1276 | *Remsen v. Marshack* | **Ex Parte Denial Order** [Dk. 434] | Dismissed for lack of jurisdiction 4/1/2022. Further affirmed 6/3/2024: 9th Cir. 22-60033 |
| 21-1277 | *Remsen v. Marshack* | **Ex Parte Denial Order** [Dk. 434] | Dismissed for lack of jurisdiction 4/1/2022. Further affirmed 6/3/2024: 9th Cir. 22-60032 |
| 22-1183 | *Richards v. Marshack* | **Remand Order** Adv. 8:22-ap-01067-SC [Adv. Dk. 23] | Affirmed 6/1/2023. Trustee is not a party. No further appeal appears to have been filed. |
| 22-1241 | *Richards v. Richards* | **Second Anti-SLAPP Order** Adv. 8:22-ap-01056-SC | Affirmed in published decision 12/11/2023. Further appeal: 9th Cir. 24-808. |
| 23-1007 | *Remsen v. Marshack* | **Order Disallowing Claim 10-4** [Dk. 1114] | Affirmed 12/27/2023. Further appeal: 9th Cir. 24-326. |
| 23-1038 | *Richards v. Marshack, Zech* | **Order Approving Compromise with Eugene Zech** [Dk. 1152] | Affirmed 4/8/2024. Further appeal: 9th Cir. 24-3400. |
| 23-1044 | *Richards v. Zech, Marshack* | **Order Overruling Debtor's Objection to Zech Claim** [Dk. 1195] | Dismissed for lack of prosecution 6/6/2023. Further appeal dismissed as frivolous 3/28/2024: 9th Cir. 23-3656. |
| 23-1070 | *Richards v. Marshack* | **Order Approving Compromise with Lucian Rusu** [Dk. 1265] | Transferred to USDC: 8:23-cv-00659-SPG |

4875-1936-7963/v1.1015-148.1

## C.   Ninth Circuit Appeals (24)

| Case No. | Short Title | Further Appeal of: | Notes |
|---|---|---|---|
| 22-60016 | *Richards v. Marshack* | BAP 21-1178 Affirming Order Denying Conversion | Affirmed 6/3/2024. |
| 22-60026 | *Richards v. Marshack* | BAP 21-1262 (1) Order Denying Trustee's Motion to Dismiss Appeal | Appeal of interlocutory BAP order denying motion to dismiss. Appeal dismissed for lack of jurisdiction 9/22/2022. |
| 22-60027 | *Remsen v. Marshack* | BAP 21-1266 (1) Order Denying Trustee's Motion to Dismiss Appeal | Appeal of interlocutory BAP order denying motion to dismiss. Appeal dismissed for lack of jurisdiction 9/22/2022. |
| 22-60029 | *Remsen v. Marshack* | BAP 21-1267 Order Dismissing Appeal of Turnover Order for Lack of Jurisdiction (Moot) | Consolidated with four appeals below.<br><br>Affirmed 6/3/2024. |
| 22-60030 | *Richards v. Marshack* | BAP 21-1263 Order Dismissing Appeal of Turnover Order for Lack of Jurisdiction (Moot) | Affirmed 6/3/2024. |
| 22-60031 | *Richards v. Marshack* | BAP 22-1275 Order Dismissing Appeal of Order Denying Ex Parte Motion for Stay Pending Reconsideration (Interlocutory) | Affirmed 6/3/2024. |
| 22-60032 | *Remsen v. Marshack* | BAP 22-1277 Order Dismissing Appeal of Order Denying Ex Parte Motion for Stay Pending Reconsideration (Interlocutory) | Affirmed 6/3/2024. |
| 22-60033 | *Remsen v. Marshack* | BAP 22-1276 Order Dismissing Appeal of Order | Affirmed 6/3/2024. |

4875-1936-7963/v1.1015-148.1

| | | Denying Ex Parte Motion for Stay Pending Reconsideration (Interlocutory) | |
|---|---|---|---|
| 22-55934 | *Richards v. Marshack* | 8:22-cv-00329-SB Affirming Civil Contempt Order | Affirmed 6/3/2024. |
| 22-55935 | *Richards v. Marshack* | 8:22-cv-00330-SB Order Dismissing Appeal of Discharge Extension Order for Lack of Jurisdiction (Interlocutory) | Summarily affirmed on 5/31/2023. |
| 22-60057 | *Remsen v. Marshack* | BAP 21-1266 (2) Affirming Sale Order | Affirmed 6/3/2024. |
| 22-60058 | *Richards v. Marshack* | BAP 21-1262 (2) Affirming Sale Order | Affirmed 6/3/2024. |
| 23-3656 | *Richards v. Marshack* | BAP 23-1044 Order overruling claim objection (Zech) | Dismissed as frivolous 3/28/2024. |
| 24-432 | *Richards v. Marshack, et al.* | 8:22-cv-01951-SB Homestead Interpleader Order | Fully briefed. |
| 24-433 | *Richards, et al. v. Marshack* | 8:22-cv-02183-SB Order denying Mtn to Pay Debtor Homestead | Fully briefed. |
| 24-326 | *Richards, et al. v. Marshack* | BAP 23-1007. Objection to Claim 10-4. | Fully briefed. |
| 24-808 | *Richards v. Richards* | BAP 22-1241 Order granting special mtn to strike (anti-SLAPP) | Fully briefed. |
| 24-3400 | *Richards v. Marshack* | BAP 23-01038. Order granting compromise with Zech | Multiple extensions of deadline to file Debtor's reply brief. |
| 24-6864 | *Richards v. Marshack* | 8:23-00659-SB Order granting compromise with Rusu | Dismissed as frivolous 3/20/2025. |
| 25-3306 | *Richards v. Marshack* | 8:23-cv-01364-SB Order granting Trustee's compromises | Opening brief not yet filed. |
| 25-3155 | *Richards v. Marshack* | 8:23-cv-01799-SB Order denying claim objections | Opening brief not yet filed. |
| 25-3322 | *Richards v. Marshack* | n/a | Duplicate appeal dismissed. |

4875-1936-7963/v1.1015-148.1

| 25-3394 | *Remsen et al. v. Marshack* | 8:24-cv-01520-SB Various orders in - 01022 adversary | Opening brief not yet filed. |
| 25-3397 | *Richards v. Marshack* | 8:23-cv-01973-SB Order denying Mtn to compel abandonment | Opening brief not yet filed. |

Including the five appeals filed recently, there are **65** appeals (inclusive of the duplicates) filed by the Debtor or her father in connection with this bankruptcy case, none of which have been successful to date. 14 appeals remain pending, and the other 51 have been dismissed or affirmed against the appellant(s), including a number which were summarily affirmed or dismissed as frivolous as noted above.

## D.    Trustee's Fee Request

Trustee's final report filed as Docket No. 1798 contains his request for allowance of compensation, in the amount of $81,091.12, and requests approval of expenses in the amount of $613.71. *See* Final Report, Docket No. 1798, pg. 29.

## E.    Fee Applications of Marshack Hays Wood LLP

Trustee employed general counsel Marshack Hays Wood LLP f/k/a Marshack Hays LLP ("MHW"), by application filed on September 17, 2021, as Docket No. 298, which was granted by the Court on October 29, 2021. As set forth in the application, MHW agreed to limit its maximum billing rate to $500 per hour, the same maximum billing rate of special counsel, Heston & Heston.

On July 28, 2022, MHW filed its first interim application for compensation, seeking approval of $247,601 in fees and $8,656.57 in costs. The first interim fee applications of MHW and Heston & Heston were approved by a joint order entered on September 7, 2022, as Docket No. 830. MHW was awarded reduced interim compensation of $246,457 and reduced costs of $8,369.47.

On April 4, 2023, MHW filed its second interim application for compensation, seeking approval of $321,344 in fees and $12,144.77 in costs. On May 2, 2023, the Court entered an order granting all requested fees and costs pursuant to the second interim application.

4875-1936-7963/v1.1015-148.1

On May 29, 2025, as Docket No. 1803, MHW filed its third application for compensation, requesting approval of all prior approved interim fees on a final basis, and seeking approval of an additional $320,458 in fees and $23,420.69 in costs.

The chart below summarizes the fee requests of MHW.

| Application | Hours Tracked[3] | Fees Requested | Average Rate | Costs Requested |
|---|---|---|---|---|
| First | 709.30 | $247,601 | $349.08/hr | $8,656.57 |
| Second | 948.10 | $321,344 | $338.93/hr | $12,144.77 |
| Third | 877.50 | $320,458 | $365.19/hr | $23,420.69 |
| TOTAL | 2,534.90 | $889,403 | $350.86/hr | $44,222.03 |

After the filing of the final fee application, MHW continues to represent the Estate even though it is administratively insolvent.

## F.    Fee Applications of Heston & Heston

Trustee employed Heston & Heston as special counsel, by application filed on May 7, 2021, as Docket No. 12, which was granted by the Court on June 14, 2021.

Subsequently, a separate application to employ Heston & Heston as general counsel was filed on August 23, 2021, as Docket No. 233. On November 3, 2021, as Docket No. 396, the Court entered an order approving Heston & Heston as interim general counsel solely through August 17, 2021.

On July 28, 2022, Heston & Heston filed its first interim application for compensation, requesting approval of fees of $117,775 and costs of $615.63 The first interim fee applications of MHW and Heston & Heston were granted by a joint order entered on September 7, 2022, as Docket No. 830. Heston & Heston was awarded a reduced fee of $101,870 and costs of $615.63.

On March 22, 2023, Heston & Heston filed its second interim application for compensation, requesting approval of fees of $13,884 and costs of $795.22. On June 7, 2023, the

---

[3] Including no-charge and billed hours.

4875-1936-7963/v1.1015-148.1

1    Court entered an order approving all fees and costs of Heston & Heston as requested in the second

2    interim application.

3        On May 27, 2025, Heston & Heston filed its final fee application, seeking approval of

4    $115,714 in fees and $1,410.85 in costs on a final basis.

5    ### G.    Fee Application of Hahn Fife & Company

6        Trustee employed an accountant, Hahn Fife & Company ("Hahn Fife"), by application

7    filed on October 25, 2021, which was granted by the Court on November 19, 2021.

8        Hahn Fife filed its first and final application for compensation on May 27, 2025, as

9    Docket No. 1794, requesting approval of fees in the amount of $7,795 and costs of $370.70.

10   ### 3.    Statement of Jurisdiction

11       "When a requirement goes to subject matter jurisdiction, courts are obligated to consider

12   sua sponte issues that the parties have disclaimed or have not presented… Subject matter

13   jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in

14   the litigation, and a valid objection may lead a court midway through briefing to dismiss a

15   complaint in its entirety." *Gonazlez v. Thaler*, 565 U.S. 134, 141 (2012); *see Fort Bend County v.*

16   *Davis*, 139 S.Ct. 1843, 1849 (2019) ("Unlike most arguments, challenges to subject-matter

17   jurisdiction may be raised by the [party] 'at any point in the litigation,' and courts must consider

18   them sua sponte."). "[I]f subject matter jurisdiction is found lacking at any stage of litigation, the

19   suit must be dismissed." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190 (9th Cir. 2022)

20   (en banc).

21       No pending appeal of any other order deprives this Court of its core jurisdiction to review

22   and approve professional fees. *See, e.g., In re Lake Mathews Mineral Properties, Ltd.*, 2020

23   Bankr. LEXIS 3730 at *6-7 (Bankr. C.D. Cal. August 14, 2020) (*affirmed*, 2023 U.S.App. LEXIS

24   1876 (9th Cir. January 25, 2023)).

25   ### 4.    Legal Analysis

26       "After notice to the parties in interest and the United States Trustee and a hearing, and

27   subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy

28

22

1   ombudsman appointed under section 332, an examiner, an ombudsman appointed under section

2   333, or a professional person employed under section 327 or 1103—

3       (A) reasonable compensation for actual, necessary services rendered by the trustee,

4   examiner, ombudsman, professional person, or attorney and by any paraprofessional person

5   employed by any such person; and

6       (B) reimbursement for actual, necessary expenses.

7   11 U.S.C. § 330(a).

8       "Except as provided in subparagraph (B), the court shall not allow compensation for—

9   (i) unnecessary duplication of services; or (ii) services that were not— (I) reasonably likely to

10  benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C.

11  § 330(a)(4).

12      **A.**    **The Trustee's requested fee is presumptively reasonable and there**
13      **is no good cause to rebut the presumption in this case.**

14      "In determining the amount of reasonable compensation to be awarded to a trustee, the

15  court shall treat such compensation as a commission, based on section 326." 11 U.S.C.

16  § 330(a)(7). "[T]rustee compensation calculated under § 326(a) is presumptively reasonable and

17  should be allowed absent extraordinary circumstances." *HAR-BD, LLC v. Leslie (In re TBH19,*

18  *LLC)*, 668 B.R. 881, 890 (B.A.P. 9th Cir. 2025).

19      In this case, the Trustee received gross proceeds of $2,218,325.36, and distributed

20  $300,000 to the Debtor on account of her claimed homestead exemption. After the Court found

21  that the homestead exemption lapsed, the Trustee recovered $9,711.94 of those exemption funds.

22  In total, the Trustee is entitled to seek compensation based on distributions totaling

23  $1,928,037.30. Pursuant to 11 U.S.C. § 326(a), the Trustee is entitled to seek compensation of

24  $81,091.12. This amount is presumptively reasonable and the Court finds no cause to reduce the

25  Trustee's requested compensation in this case.

26      The Court finds that the Trustee's requested fee of **$81,091.12** and request for costs of

27  **$613.71** is reasonable, necessary, and meets the standards for approval under 11 U.S.C. § 330,

28  and allows such fees and costs on a final basis.

## B.    The requested fees of MHW are reasonable and were necessary.

"The customary method for assessing an attorney's fee application in bankruptcy is the 'lodestar,' under which 'the number of hours reasonably expended' is multiplied by 'a reasonable hourly rate' for the person providing the services." *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 598 (9th Cir. 2006). "The primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate." *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). Where the debtors' aggressive litigation tactics resulted in the multiplication of professional fees, the Court may consider whether such tactics were "unnecessary, disproportionate, irrelevant and harassing" and whether a reduction in fees would "unfairly reward the [debtors] for their litigation tactics." *See In re Baroni*, 654 B.R. 334, 347 (Bankr. C.D. Cal. 2023).

In connection with this case, there has been an extraordinary level of opposition and litigation commenced by and prosecuted through the Debtor and her father, including the detailed factual background of the main bankruptcy case and a recitation of 65 appeals filed to date, 51of which have already been resolved against the Debtor, and with the other 14 remaining pending. The Debtor and Remsen have been declared vexatious litigants and Debtor was adjudged multiple times in civil contempt in this case, including a current unpurged contempt of court for her refusal to obey a turnover order.

Even after nearly 2.5 years of civil incarceration, Debtor refused to demonstrate any effort to comply with the Court's orders and was released from incarceration in connection with the Trustee's final report. Debtor's discharge has been denied through an adversary proceeding by the Trustee for a separate violation of a court order. In the midst of the Debtor's extreme and vexatious litigation tactics, the Trustee's general counsel Marshack Hays Wood LLP has consistently advocated meritorious positions and has prevailed in all of the appeals that it defended on behalf of the Estate.

Moreover, the invoices demonstrate that MHW exercised reasonable billing judgment in that its overall average hourly rate charged for this case is approximately $350 per hour, which is significantly lower than the average hourly billing rate of any individual attorney at the firm, and

4875-1936-7963/v1.1015-148.1

1   significantly lower than the hourly rate of Heston & Heston of $500, and there were, between the

2   three fee applications, collectively over 200 hours in this case (of the over 2,500 hours tracked)

3   which were voluntarily no-charged by the firm.

4          The Court has carefully reviewed all of the detailed billing entries by Marshack Hays

5   Wood LLP and finds that under these extraordinary circumstances where the Debtor and her

6   father were so extraordinarily litigious, all of the fees and costs previously approved in the first

7   interim fee application and second interim fee application should be approved on a final basis as

8   actual, reasonable, and necessary expenses of administering this Estate. The Court has further

9   carefully reviewed the third fee application filed by MHW and finds that all of the requested fees

10  and costs are reasonable, necessary, and meet the standards for approval under 11 U.S.C. § 330.

11         **The Court awards, on a final basis, the following professional compensation and**

12  **expenses:**

13  - $246,457 in fees and $8,369.47 in costs as previously approved in connection with the

14     first interim application;

15  - $321,344 in fees and $12,144.77 in costs as previously approved in connection with

16     the second interim application; and

17  - $320,458 in fees and $23,420.69 in costs as set forth in the third and final application.

18  The total allowed final compensation and reimbursement of costs is **$888,259** in fees and

19  **$43,934.93** in costs.

20  ## C.    The requested fees of Heston & Heston are reasonable.

21         Similar to the analysis for the Trustee's general counsel set forth above, the fees of Heston

22  & Heston were incurred primarily in the early stages of this case and were previously analyzed by

23  this Court in detail. The Court also substantially reduced some fees requested by Heston &

24  Heston in its first interim application for compensation. The Court has carefully reviewed all of

25  the detailed billing entries submitted by Heston & Heston and finds that under these extraordinary

26  circumstances where the Debtor and her father were so extraordinarily litigious, all of the fees and

27  costs previously approved in the first interim fee application and second fee application should be

28  approved on a final basis as actual, reasonable, and necessary expenses of administering this

25

1  Estate. On a final basis, under the circumstances of this case, the Court finds that the services

2  performed by Heston & Heston were reasonable, necessary, and the fees previously approved on a

3  final basis meet the standards for approval under 11 U.S.C. § 330.

4  **The Court awards, on a final basis, the following professional compensation and**

5  **expenses:**

6  - $101,870 in fees and $615.63 in costs as previously approved in connection with the

7  first interim application.

8  - $13,844 in fees and $795.22 in costs as previously approved in connection with the

9  second interim application.

10  The total allowed final compensation and reimbursement of costs is **$115,714** in fees and

11  **$1,410.85** in costs, respectively.

12  **D.  The requested fees of Hahn Fife & Company are reasonable.**

13  On a final basis, under the circumstances of this case, the Court finds that the services

14  performed by Hahn Fife & Company were reasonable, necessary, and meet the standards for

15  approval under 11 U.S.C. § 330.

16  **The Court awards, on a final basis, the following professional compensation and**

17  **expenses:**

18  - $7,795 in fees and $370.70 in costs.

19  **E.  The Trustee's Final Report is approved in its entirety.**

20  Under 11 U.S.C. § 704(a)(9), a Chapter 7 trustee has a duty to file and serve a final report.

21  Pursuant to Rule 2002(f)(1)(I) of the Federal Rules of Bankruptcy Procedure, the Trustee must

22  serve a summary of the final report. If no objection is filed to the final report within 30 days, the

23  estate is presumed to be fully administered pursuant to Rule 5009(a)(2) of the Federal Rules of

24  Bankruptcy Procedure. If an objection is filed, bankruptcy courts have authority to review and

25  determine whether to approve, or sustain an objection to, a Chapter 7 trustee's final report. *See,*

26  *Office of the United States Trustee v. Hayes (In re Bishop, Baldwin, Rewald, Dillingham &*

27  *Wong)*, 104 F.3d 1147 (9th Cir. 1997).

28  In this case, the Trustee filed his final report as Dk. No. 1798 and filed his summary of the

4875-1936-7963/v1.1015-148.1

1  final report as Dk. No. 1799. The Trustee later served notice of the continued hearing on the final

2  report as Dk. No. 1824. The Court finds that the final report, summary of final report, and notice

3  of the continued hearing on the final report were properly served. After consideration of the

4  detailed history of this case, which this Court is very familiar, and which is recited above and

5  adopted hereby, the objections to the Trustee's final report are overruled in their entirety and the

6  Trustee's final report is approved in its entirety as reasonable, necessary, and appropriate. The

7  proposed distributions set forth in Trustee's final report are further approved.

8  **5.     Conclusion**

9          The Trustee's final report and the final applications for compensation are approved on a

10 final basis, and all objections to the final report and final applications for compensation have been

11 considered on the merits and are OVERRULED. The Court makes the following final fee awards:

12          a.   To Richard A. Marshack, Chapter 7 Trustee: $81,091.12 in fees and $613.71 in costs.

13          b.   To Marshack Hays Wood LLP, f/k/a Marshack Hays LLP: $888,259 in fees and

14               $43,934.93 in costs.

15          c.   To Heston & Heston, Attorneys at Law: $115,714 in fees and $1,410.85 in costs.

16          d.   To Hahn Fife & Company, LLP: $7,795 in fees and $370.70 in costs.

17 The Trustee is authorized to immediately make distributions as set forth in the Trustee's final

18 report. Upon entry, this order constitutes a final order.

19                                        ###

20

21

22

23

24 Date: September 9, 2025

                                          Scott C. Clarkson
                                          United States Bankruptcy Judge

25

26

27

28

4875-1936-7963/v1.1015-148.1